Ruffin, J.
 

 It is plain that the new, and important class of carriers, rail-roads, have a peculiarity, which renders some of the rules of law, respecting the obligations of common carriers. touching the delivery of the goods carried, inapplicable. They have the power and duty of carrying on their roads, and the
 
 contract
 
 is to carry on the road, and, therefore, it cannot be understood that they are to deliver the goods at any place off the road. Uo doubt the responsibility, as carrier, begins with the receipt of the things at the station, unless the transportation be delayed by the order of the owner. They must be carried safely to the designated station, and there unloaded and delivered to the person entitled to them, if he apply. Until unlading and delivering, or something that is tantamount to it, the duty as common carrier continues. But it often happens, either from the distant residence of the consignee, or the period of arrival, or other causes, that the goods cannot be immediately taken away, or actually delivered. They ought not to be left in the car, on the road, as that might greatly incommode the road and call for the demand of a larger freight, and, also, endanger the goods. The convenience and interest of the company, and the owner, alike require that the cars should be secured in a station-house,, or
 
 *345
 
 the goods should be unloaded ■ and deposited in a ware-house for protection from depredation and weather. The latter is almost, if not entirety, the course in this State, and is necessarily so at stations in the country, or in villages, where large station-houses cannot be afforded for the loaded cars. Then, what ought to be the responsibility of the company after the goods are unladed and stored in the ware-house ? Or does the liability, as common carrier, continue after the ware-housing ? Naturally, a contract to carry goods from one point of a railroad to another point, on the same road, is fulfilled by the transportation of them to the point of destination, and having them there in a state ready to be delivered. If a particular time were fixed, it would certainty be so. But in the nature of things, a stipulation of that kind is not to be'expected, and is never made. As the arrival is uncertain, the mere transportation to the place ought not to terminate the carrier’s responsibility, but the company must show, further, either an, actual delivery, or that, from the absence of the owner, or for a want of opportunity to deliver from some other cause, the delivery could not be made then, and, that, therefore, instead thereof, the goods were duly taken care of by being deposited in a secure ware-house of the company at the station. Con-, sidering the unlading upon arrival, and, in the absence of the consignee, the depositing in the ware-house as parts of the transportation, the Court sees no reason, why, ordinarily, the liability, as carrier, should not terminate with the transit of the . goods. After the goods are placed in the ware-house, the owner’s interest is protected by another responsibility of the company which arises — that of a ware-house-man, bound to take ordinary care of the goods. The Court considers the company bound to that degree of care, though no distinct compensation is to be made for the storing ; because the ware-housing being connected with the transportation, as a part of one business, the freight is a consideration which extends to the subsequent care of the goods for a reasonable time, and excludes the company from the exemptions belonging to gratuitous bailees. Why should the liability of a carrier be extended
 
 *346
 
 further ? The goods are actually in store, and were placed there for the mutual convenience of the parties. If the warehouse were not connected with the road, the law would hold the ware-house-man responsible only for not taking ordinary care, and it is not perceived that the connection requires a different rule.
 

 There are but few adjudications, as yet, in this country on this subject; but we believe our opinion accords with them generally/and especially with those which seem to have been best considered. There is, however, a difference among them on the point, whether the company, in order to terminate its responsibility, as carrier, must give notice of the arrival of the goods. It seems to us that may depend on circumstances, and, in some degree on usage. If the place for delivery be a town of much business, and the consignee reside in, or near it, and the company’s servants, in order to improve the business of the road, and prevent the accumulation of goods in store, be in the habit of giving notice, that may make a different case from one, where the residence of the consignee is at such a distance, or in such a situation as to preclude any early regular communication by mail or otherwise. The Court, however, does not propose to lay down any definite rule on the question, for it is one on which other able Judges have differed, and on which, we, therefore, prefer feeling our way until the necessity of the decision, in some case, may require a direct determination. There is no such necessity in this case, for, upon so short a transit, it cannot be supposed that either party contemplated that any notice, other than that derived from the known regular running of the freight trains, should be given of the arrival of the goods at a country station, when the plaintiff resided in the country sixteen miles from the road. Notice would doubtless be pre-requi-site to charge for storing after a reasonable time. But without notice, the company, after the goods were in store, would be responsible, as ware-house-men, to the plaintiff for want of ordinary care, and from the known course of unlading the goods and putting them in store for persons at a distance, it is re
 
 *347
 
 sponsible, no further in this case, though no notice was given.
 

 It was further argued, at the bar, that the plaintiff was entitled to recover, for the want of ordinary care, in trusting to the lock on the ware-house, without a guard. But the declaration is not framed with a view to that question, but to the liability of the defendant as a common carrier, and, therefore, that point does not arise. Judgment reversed, and judgment for the defendant.
 

 PeR CuRiam, Judgment reversed.