At the close of plaintiff's evidence his Honor was of the opinion that he was not entitled to recover, and a nonsuit was taken and an appeal granted. At the time of the fire the defendant was not liable as a common carrier but was only liable for want of ordinary care as a warehouseman. Hilliard v. R. R., 51 N.C. 343. The plaintiff was required to prove the negligence as a part of his case.Kahn v. R. R., 115 N.C. 638. We think his Honor properly held that the evidence was insufficient to justify the jury in rendering a verdict for plaintiff. Judges are no longer required to submit a case to the jury merely because some evidence has been introduced by the party having the burden of proof, unless the evidence (937) be of such a character that it would warrant the jury to proceed in finding a verdict in favor of the party introducing such *Page 554 
evidence. There is, or may be, in every case, a preliminary question for the judge, not whether there is absolutely no evidence, but whether there is more than a scintilla of evidence upon which a jury can properly proceed to find a verdict for the party introducing it, upon whom the burden of proof is imposed. Commissioners v. Clark, 94 U.S. 278; Ryder v. Womble, L. R. Exc., 39; Wittkowsky v. Wasson, 71 N.C. 451.
Affirmed.
Cited: S. v. Arkle, post, 1032; Oakley v. Tate, 118 N.C. 367; Bryan v.Bullock, 119 N.C. 194; Higdon v. Rice, ib., 640; Markham v. R. R., ib., 717; Weeks v. R. R., ib., 742; S. v. Satterfield, 121 N.C. 560; Malloy v.Fayetteville, 122 N.C. 485; Lewis v. S. S. Co., 132 N.C. 920; Byrd v.Express Co., 139 N.C. 276; Brick v. R. R., 145 N.C. 206. Aderholt v. R.R., 152 N.C. 406; McGuire v. R. R., 154 N.C. 386; Liquor Co. v.Johnson, 161 N.C. 76; Moore v. R. R., 173 N.C. 314.