STONE v. STEAMSHIP CO.

(Filed October 3, 1905).

*Carriers—Warehouseman or Wharfinger—Freight—Negligence—Custom—Evidence:*

1. Where goods were placed upon the defendant's wharf and the plaintiffs, consignees, were notified of their arrival and paid the freight and commenced to remove them, the defendant's responsibility as a common carrier thereby terminated, and any obligation which remained was that of warehouseman or wharfinger, and the standard of conduct is that of ordinary care.

2. Where goods arrived at destination on Tuesday and were placed upon defendant's wharf (which is not enclosed, but is covered by a tin shed), according to local usage, and plaintiffs were immediately notified of their arrival, were given time to remove them, and paid the freight and removed a part of the same to their place of business on Wednesday, and on that night said goods were damaged by a wind and snow storm, *held*, that these facts do not amount to actionable negligence.

3. While neither usage or custom, as a general rule, will sanction or excuse an act which the law condemns as negligent, it is pertinent evidence on the question whether there has been negligence in a given case.

ACTION by R. R. Stone and others against Clyde Steamship Company, heard by *Judge O. H. Allen* upon appeal from a justice of the peace, at the April Term, 1905, of the Superior Court of NEW HANOVER County, on the following case agreed:

1. The plaintiffs are a partnership doing business in Wilmington, and the defendant is a corporation operating a line

of steamships for the purpose of carrying freight and passengers between New York and Wilmington and other points.

2. At the termination of its line in Wilmington the defendant owns and controls a wharf or platform upon which goods are unloaded from its vessels; the said platform is not enclosed, but is covered by a tin shed or roof under which said goods are piled on being unloaded; the said platform is open at all times and on a level with the ground, and upon it consignees of freight are accustomed to go and do go with drays and other vehicles, for the removal of freight; the defendant makes no charge to shippers or consignees of freight for the use of said platform or wharf except as follows: The vessel from New York arrives on Tuesday of each week on its regular schedule and is unloaded on Tuesday and if consignees allow goods to remain on platform longer than the next Monday a charge is made for the same, but no such charge·was made in this case. It is the custom of the customers of the defendant in Wilmington to remove the same from said wharf at their earliest convenience, the defendant having no other means of storing the same, and this is known by the shippers and receivers of freight.

3. On January 24, 1904, the Hargrave Biscuit Co. of Baltimore shipped to the plaintiffs, at Wilmington N. C., over the defendant's line, certain boxes of crackers to be delivered to the said plaintiffs at Wilmington N. C., and the said defendant received the same for transportation and issued its bill of lading therefor.

4. The said goods arrived in Wilmington on defendant's vessel on the morning of Tuesday, February 9, 1904, and were delivered from said vessel upon the said wharf or platform in said city on the same day, and defendant immediately notified plaintiffs of such arrival; on Wednesday, February 10, 1904, the plaintiffs paid the freight due upon said goods and removed a part of the same from said platform or wharf to their own place of business; on the night of the 10th,

after said freight had been paid, a wind and snow storm occurred in Wilmington and blew snow and rain under the said shed and upon the said goods, by reason of which the said goods were damaged to the amount of $29.55 before the plaintiffs had completed the moving of the same to their own place of business.

It is agreed that this case may be submitted to the court on the foregoing statement of facts and that the court may render a judgment thereon as it may find the law to be.

From a judgment for the defendant, the plaintiffs appealed.

*Louis Goodman* for the plaintiffs.
*Rountree & Carr* for the defendant.

HOKE, J. On the foregoing facts and according to our decisions defendant's responsibility as common carrier had terminated (*Hilliard v. Railroad,* 51 N. C., 343,) and any obligation which remained was that of warehouseman or wharfinger. The standard of conduct in such case is that of ordinary care, and applying such standard to the facts before us, we are of opinion that there has been no negligence on the part of the defendant which amounts to an actionable wrong. The goods were placed on the defendant's wharf according to local usage, known to defendant's customers, and presumably acquiesced in by the plaintiff, as he paid the freight and commenced the removal of the goods without any protest as to their placing. While it is true that neither usage nor custom, as a general rule, will sanction or excuse an act which the law condemns as negligent, it is pertinent evidence on the question whether there has been negligence in a given case. *Morehead v. Brown,* 51 N. C., 367.

Furthermore, the plaintiff had been promptly notified of the arrival of the goods, and, so far as appears, had been given ample time and opportunity to remove them. On the

facts disclosed in the case agreed, the authorities are against the plaintiff's right to recover. *Chalk v. Railroad,* 85 N. C., 423; *Holdsclaw v. Duff,* 27 Mo., 392.