M. B. STONE v. SEABOARD AIR LINE RAILWAY COMPANY.

(Filed 18 September, 1929.)

1. **Appeal and Error G b—Exceptions not discussed in briefs are deemed abandoned on appeal.**

    Assignments of error based on exceptions to instructions which are not discussed in the brief filed in the Supreme Court are taken to be abandoned on appeal under Rule 28.

2. **Railroads D b—where railroad knowingly permits use of crossing by public it owes the duty to keep such crossing in reasonably safe condition.**

    Where a railroad company has knowingly permitted automobiles and other vehicles to cross its right of way for a long period of time at a certain road crossing, from one public highway to another, it owes the duty to keep such crossing in a reasonably safe condition whether the crossing was constructed by the railroad company or not, and it is liable in damages for injuries proximately caused by its negligent failure to do so. C. S., 3449.

3. **Same—In this case held evidence of railroad's negligent failure to keep crossing in reasonably safe condition sufficient to be submitted to the jury.**

    Where a railroad company has knowledge that automobiles and other vehicles have been accustomed to cross its tracks at a certain roadway, for a long period of time, it owes the duty to keep the crossing in reasonably safe condition for this purpose, and where there is evidence tending to show that the public had so crossed at this place for a long period of time and that the railroad company had left a hole on its right of way which caused plaintiff's automobile to get stuck and consequently struck by defendant's train, without fault or negligence on plaintiff's part, the question of defendant's actionable negligence is for the jury under correct instructions from the court.

4. **Appeal and Error E h—Where cause has been tried on one theory in lower court appellant is confined to that theory on appeal.**

    Where a running train of defendant railroad company has injured the plaintiff's automobile by a collision with it at a grade crossing, and the sole controverted matter on the trial in the Superior Court related to the question of defendant's negligence in failing to stop its train in time to have avoided the injury, the railroad company may not on appeal assume the position that it is not liable upon a different theory not controverted on the trial in the lower court.

APPEAL by defendant from *Barnhill, J.,* at March Term, 1929, of VANCE. No error.

Action to recover damages resulting from injuries to plaintiff's automobile, caused by the negligence of defendant in failing to exercise due care (1) to maintain a public crossing which passes over its track, in a reasonably safe condition, and (2) to stop its train before it struck and

injured the automobile, which by reason of the defective condition of said crossing, plaintiff was unable to drive off or move from said track, in time to avoid the injury.

The issues submitted to the jury were answered as follows:

1. Was the plaintiff's property damaged by the negligence of the defendant, as alleged? Answer: Yes.

2. If so, did plaintiff by his own negligence contribute to his injury and damage? Answer: No.

3. What damages, if any, is plaintiff entitled to recover? Answer: $1,500.

From judgment on the verdict defendant appealed to the Supreme Court.

*Perry & Kittrell for plaintiff.*
*J. H. Bridgers and Murray Allen for defendant.*

CONNOR, J. It is not contended by defendant on this appeal that there was error in the trial of this action with respect to the allegation that defendant was negligent in failing to exercise due care to stop its train, and thus avoid the injury to plaintiff's automobile, which was on defendant's track when it was struck and injured by defendant's train. The evidence in support of this allegation, although contradicted by evidence offered by defendant, was submitted to the jury under instructions which are free from error. Assignments of error based on exceptions to these instructions are not discussed in defendant's brief, filed in this Court. They are therefore taken as abandoned on this appeal. Rule 28.

Defendant contends, however, that there was error in the trial with respect to the allegation that defendant was negligent in failing to exercise due care to maintain in a reasonably safe condition the crossing over its track, on which the automobile was standing when it was struck and injured by defendant's train. All the evidence tended to show that the crossing was defective, in that there was a hole on the right of way, just beyond the cross-ties, and that this hole was not discovered by plaintiff before the wheel of his automobile dropped into it, causing the running-board of his automobile to rest upon the ground. Plaintiff was unable to drive his automobile off the track, or to move it therefrom before it was struck and injured by defendant's train, which appeared after plaintiff had driven upon the crossing.

In his complaint plaintiff alleged that the crossing was a public crossing. This allegation was denied by defendant in its answer. All the evidence tended to show that the crossing had been in existence for many years; that it was used generally by the public, and that defendant

knew of its existence. There was no evidence tending to contradict the evidence to the effect that it was a public crossing. Plaintiff knew when he drove his automobile on the crossing that it had been used for many years by the public for the purpose of passing over defendant's track, from the public road on one side of the track to the State highway on the other side.

The court instructed the jury in effect that upon all the evidence it was the duty of defendant to exercise due care to maintain the crossing on which plaintiff's automobile was standing when it was struck and injured by defendant's train in a reasonably safe condition, and that if defendant failed to perform this duty, and such failure was the proximate cause of the injuries to plaintiff's automobile, defendant was liable for damages resulting from the injuries.

Defendant contends that there was prejudicial error in this instruction, for that it is assumed therein that the crossing on which plaintiff's automobile was standing when it was struck and injured, is a public crossing, whereas the allegation in the complaint to that effect is denied in the answer. In view of the fact that all the evidence was to the effect that the crossing is a public crossing, and that on the trial defendant did not controvert this evidence, defendant's contention cannot be sustained. Defendant's evidence was directed altogether to support its contention that it was not negligent in failing to stop its train before it struck and injured the automobile. There was apparently no controversy as to the character of the crossing, or as to its defective condition.

The duty of a railroad company with respect to the maintenance of a crossing over its track, where its track has been constructed over an established road or highway, whether public or private, is well settled. The duty is prescribed by statute, C. S., 3449, and has been recognized and enforced by this Court in numerous decisions. In *Goforth v. R. R.,* 144 N. C., 569, 57 S. E., 209, it is said: "It is just that crossings necessitated by the construction and operation of a railroad should be kept in a safe condition by it." As the crossing is on the railroad company's right of way, no one except the company has the right to enter upon the crossing for the purpose of repairing the same.

It is immaterial whether the company constructed the crossing or not. If, with its knowledge and implied consent, the public has used the crossing over its track and right of way for many years, for the purpose of passing from a public road on one side of the track to a public road on the other side, in automobiles or other vehicles, the company owes to those who thus use the crossing the duty to exercise due care to maintain the crossing in a reasonably safe condition. *Bradley v. R. R.,* 126 N. C., 735, 36 S. E., 181. The company cannot be held liable, of course,

as an insurer; it is, however, liable for negligence with respect to the condition of the crossing on its right of way. It can relieve itself of liability by closing the crossing, where the public has acquired no right to use it. So long, however, as it permits the public to use the crossing, it must respond in damages caused by its negligence in failing to exercise due care to maintain the crossing in a reasonably safe condition. There is
    No error.