This was an action for actionable negligence brought by plaintiff, administrator of his son, against defendants.
Among other defenses the defendant Winston-Salem South Bound Railroad Company says: "That there was no unity or concert of action, on the state of facts, as alleged by plaintiff in his complaint, between Winston-Salem South Bound Railroad Company and Richard Jones, defendants herein; that the acts of Richard Jones were the criminal acts of an independent third party, unexpectable and unforseenable by this defendant, completely insulating any other negligent act, if any, which are expressly denied, and solely and proximately causing the injuries complained of by plaintiff; and, that such acts on the part of Richard Jones are entirely separable from any other acts complained of by plaintiff."
On 12 February, 1928, about 3 o'clock p.m., the plaintiff's intestate, a lad 10 years of age, was standing about 10 feet of West Street crossing, in the city of Winston-Salem, N.C. on the sidewalk of the west side of the crossing. He was about 10 feet west of the railroad track. He was struck from the rear by an automobile driven by Richard Jones, the defendant, and knocked under the train and killed.
The plaintiff's witness, Edith Dudley, testified, in part, as follows: "On the afternoon of this collision, about three o'clock, I was on the porch, standing in the door, and I saw the train approaching this intersection and saw the automobile in which Richard Jones was driving approaching the intersection from the west. In my opinion, when the automobile had reached a point some fifty feet from the railroad track it was going between thirty and thirty-five miles an hour. In my opinion, when the train was within fifty feet of the crossing, it was coming at about twenty miles an hour. I couldn't hardly say how far south of West Street the train was when the automobile was fifty feet away from the crossing, but I think if the Jones boy had not turned off they would have just about met, but by him turning off he hit the rear of the engine, the best I could see. I mean that if the automobile had come straight on they would have gotten there at the same time. *Page 684 
I didn't hear the bell on the train ringing, and I didn't hear the signal bell at the crossing ringing. . . . When the Jones boy's car got below the Perryman Lumber Company's building there was nothing to obstruct his view. The Jones boy's car didn't slack its rate of speed much, if any, and when it got down almost to where the train was, it whirled and knocked the little Chambers boy under the train. The Chambers boy was on the sidewalk, about ten feet from the track, and he struck the Chambers boy going between thirty and thirty-five miles an hour, and knocked him from ten feet back under the engine of the train. I didn't go down to the place right then. I wanted the bell to ring bad enough to notice that it didn't ring. The Jones boy could have seen the train if he had been looking at it. . . . It was raining and the train was coming up grade, with some few cars on the train, and it was making plenty of noise — enough noise so I could hear it all right. I could see the smoke of the engine and could hear the wheels of the engine slipping on the track. . . . I am a nurse, but I was not working anywhere at that time. . . . I saw the Chambers boy standing about ten feet of the crossing, on the west side of the crossing, and the Jones boy's automobile coming at a rate of speed of thirty to thirty-five miles an hour, and it checked its speed little, if any, at the time it swerved to the right and hit the Chambers boy. The little Chambers boy was looking toward the train and was struck from behind by the car driven by Jones going at from thirty to thirty-five miles an hour. After the Chambers boy was hit by the train I saw his feet turn up — saw him kicking. I know the little Chambers boy was standing on the sidewalk at the time the automobile struck him, and the looked to be about ten feet west of the railroad track. . . . From the time I first saw the car up about the Perryman Lumber Company building, going thirty or thirty-five miles an hour, until it crossed the curb and hit the boy, it might have slowed up some, but didn't slow up much. I was looking right down that way and saw the child when he was struck. The child was knocked under the tender of the engine, and a part of the engine was across the street. I could see under the engine and could see the car, see where the boy was standing, see them pull the boy out and all from under the engine. I saw the child knocked under the engine."
There was nothing to obstruct defendant Richard Jones's view within 94 feet of the railroad crossing. West Street is an improved street about 24 feet in width and a much traveled thoroughfare.
The defendant, Winston-Salem South Bound Railroad Company, at the close of plaintiff's evidence, made a motion in the court below for judgment as in case of nonsuit. C. S., 567. The motion was allowed, and in this we can see no error.
The plaintiff alleges and contends that the injuries sustained by plaintiff's intestate which directly caused the death which ensued, were due to and proximately caused by the concurrent negligence of the defendant Railroad Company and the defendant Richard Jones. The plaintiff further contends that the evidence adduced at the trial of the cause, in support of his allegations and contentions, was sufficient to take the case to the jury. We cannot so hold.
We think this case is controlled by the principles laid down inLineberry v. R. R., 187 N.C. at p. 794: "This violation of a town ordinance made the defendant guilty of negligence per se, but that negligence must be the proximate cause of the injury to young Lineberry. In the present case the testimony of the young lad, Lineberry, was that his companion, another young lad who was with him, pushed him under the moving train. This was the intervening, independent, sole proximate cause of the injury, for which the defendant cannot be held liable. The injury was not the natural or probable consequence of defendant's negligence in exceeding the speed limit. Pushing the boy under the train was the proximate cause of the injury. It was an unfortunate and deplorable tragedy, but defendant is in no way responsible for the act of the Qualls boy."
The judgment of the court below is
Affirmed.