J. FRANK NEWELL, ADMINISTRATOR OF THE ESTATE OF ODELL NEWELL, DECEASED, v. FRANCES DARNELL AND THE CITY OF WINSTON-SALEM.

(Filed 22 January, 1936.)

**Negligence B c: Municipal Corporations E c—Negligence of city, if any, held insulated by intervening negligence of third person.**

The evidence disclosed that piles of sand, intended to be spread over defendant city's unpaved sidewalk, had been allowed to remain at intervals along the sidewalk for a period of some two months, that a pedestrian stepped off the sidewalk into the street in order to avoid the piles of sand, and was struck and killed by an automobile driven by the codefendant. There was evidence that the street was straight and unobstructed, and that the driver of the car was guilty of negligence. *Held:* In an action to recover for the pedestrian's death, the defendant city's motion to nonsuit was properly allowed, since, even conceding that the city was negligent, such negligence was insulated by the intervening negligence of the driver of the car, the negligent operating of a car and the resulting injury to a pedestrian, forced into the street by reason of the piles of sand, not being reasonably foreseeable by the city as a result of the condition of the sidewalk.

APPEAL by the plaintiff from *Hill, Special Judge,* at the April Term, 1935, of FORSYTH. Affirmed.

The plaintiff alleged and offered evidence tending to prove that on 21 May, 1934, about 10 o'clock at night, his intestate, an eighteen-year-old boy, and his companion, Paul Knouse, were walking along the sidewalk on the south side of the Waughtown Road in the city of Winston-Salem, where the road was straight and level for some 300 or 400 feet with an unobstructed view, and that at intervals along the sidewalk C. W. A. workers, with the consent of the city, had placed piles of sand to be scattered over the sidewalk, which was unpaved, and that the piles of sand had been there some two months; and that when the plaintiff's intestate and his companion reached the piles of sand they stepped off of the sidewalk and into the street to go around the piles of sand, and that when they were in the street about five feet out from one of the piles of sand the plaintiff's intestate was struck and killed by an automobile driven by the codefendant, Frances Darnell.

The plaintiff further alleged and offered evidence tending to prove that the codefendant Frances Darnell was negligent in driving her car at an unlawful rate of speed and too near the curb, and in failing to keep her car under control, and in giving no signal or warning of her approach, and in failing to see the plaintiff's intestate in time to avoid striking and killing him.

At the close of the plaintiff's evidence the court sustained the motion for judgment as of nonsuit as to the defendant city, and the plaintiff appealed, assigning errors.

*Slawter & Wall for plaintiff, appellant.*
*Parrish & Deal for city, appellee.*

SCHENCK, J. Conceding, but not deciding, that the city of Winston-Salem was negligent in allowing the piles of sand to remain upon its sidewalk, the plaintiff specifically alleged and proved several negligent, if not criminal, acts on the part of the defendant Frances Darnell, and we are of the opinion that such negligent acts were the sole and proximate cause of the death of the plaintiff's intestate, for which the defendant city cannot be held liable. The death of the intestate was not the natural or probable consequence of the city's alleged negligence in allowing the piles of sand to remain upon the sidewalk.

"The test by which to determine whether the intervening act of an intelligent agent which has become the efficient cause of an injury shall be considered a new and independent cause, breaking the sequence of events put in motion by the original negligence of the defendant, is whether the intervening act and the resultant injury is one that the author of the primary negligence could have reasonably foreseen and expected." *Balcum v. Johnson,* 177 N. C., 213 (216-17).

To hold that the city of Winston-Salem could have foreseen that a third party would operate a car in such a negligent and reckless manner as to run down and kill a person walking near the curb on a straight and level street, in order to avoid going over the piles of sand on the sidewalk, would be, we apprehend, stretching the legal principles by which individuals are held liable for their negligent acts. The law requires reasonable foresight and, when the result complained of is not reasonably foreseeable in the exercise of due care, the party whose conduct is under investigation is not answerable therefor; and when an independent, efficient, and wrongful cause intervenes between the primary negligence and the injury ultimately suffered, the independent cause insulates the primary negligence and is deemed the proximate cause of the injury.

This case is governed by the principles enunciated in *Carter v. Lumber Co.,* 129 N. C., 203; *Lineberry v. R. R.,* 187 N. C., 786; *Herman v. R. R.,* 197 N. C., 718; *Chambers v. R. R.,* 199 N. C., 682; *Hinnant v. R. R.,* 202 N. C., 489; *Ward v. R. R.,* 206 N. C., 530; and *Beach v. Patton,* 208 N. C., 134.

The judgment as of nonsuit as to the defendant city of Winston-Salem is

Affirmed.