### MRS. A. P. RUCKER v. SNIDER BROTHERS, INC., ET AL.

(Filed 28 April, 1937.)

**1. Appeal and Error § 45b—**

Refusal of motion to strike from complaint allegations of negligence against defendant appellant on the ground that they were conclusions of the pleader and not supported by the facts alleged, is upheld on authority of *Pemberton v. Greensboro*, 203 N. C., 514; *S. c.*, 205 N. C., 599.

**2. Appeal and Error § 55—**

Decision on a former appeal, upon consideration of a motion to remove, that the complaint alleged joint negligence on the part of defendants, disposes of a demurrer entered by one defendant at the subsequent hearing on the ground that the complaint failed to state a cause of action against it.

APPEAL by defendant Maner Motor Transit Company from *Ervin, Special Judge,* at February Special Term, 1937, of MECKLENBURG.

Civil action to recover damages for personal injuries alleged to have been caused by the joint and concurrent negligence of the defendants when a truck owned by Snider Brothers, Inc., and operated at the time by J. W. Kluttz, collided with a truck and trailer owned by Maner Motor Transit Company, and operated at the time by Doyle Campbell, then immediately ran into a third car or vehicle on the highway in which plaintiff was riding as a guest, inflicting serious and permanent injuries.

Motion to strike from the complaint, as amended, allegations of negligence against Maner Motor Transit Company on ground that they are only conclusions of the pleader and not supported by the facts set out in the complaint. Overruled; exception.

The Maner Motor Transit Company appeals, assigning errors.

*Carswell & Ervin for plaintiff, appellee.*

*C. H. Gover, William T. Covington, Jr., and Hugh L. Lobdell for defendant Transit Company, appellant.*

STACY, C. J.   This is the same case that was before us, on petition to remove, at the Fall Term, 1936, reported in 210 N. C., 778.

The ruling on the motion to strike will be upheld on authority of *Pemberton v. Greensboro,* 203 N. C., 514, 166 S. E., 396; *S. c.,* 205 N. C., 599, 172 S. E., 196.   Nothing was said in *Poovey v. Hickory,* 210 N. C., 630, 188 S. E., 78, or *Jackson v. Bank,* 203 N. C., 357, 166 S. E., 176, which conflicts with this view.

On the argument, appellant interposed a demurrer *ore tenus* to the complaint on the ground that it does not state facts sufficient to constitute a cause of action against the Maner Motor Transit Company.   When the cases were here on the former appeal, it was said: "It is obvious that plaintiff has here alleged a cause of action based upon the joint and concurring negligence of both resident and nonresident tort-feasors, at the same time and place, and that the complaint does not show a separable controversy." *Rucker v. Snider Bros,* 210 N. C., 777.   True, this was said on consideration of the motion to remove, but it would seem to be sufficient to dispose of the demurrer *ore tenus.*

Affirmed.