BERTHA SMITH, ADMINISTRATRIX, v. J. CARL SINK ET AL.

(Filed 30 June, 1937.)

**1. Trial § 24: Pleadings § 20—**

A demurrer to the complaint, C. S., 511, challenges the sufficiency of the pleading, while a demurrer to the evidence, C. S., 567, challenges the sufficiency of the evidence, and the two are distinct in purpose and effect.

**2. Negligence §§ 19a, 19b—When nonsuit is proper in negligence cases.**

In negligence cases a demurrer to the evidence may be sustained only for insufficiency of plaintiff's evidence, considered in the light most favorable to him, to show actionable negligence on the part of defendant, or for that the evidence shows that the injury was independently caused by an outside agency or responsible third person, or for that plaintiff's own evidence establishes contributory negligence.

**3. Railroads § 11: Automobiles § 21—Active negligence of driver held intervening negligence insulating negligence of railroad company.**

The evidence tended to show that the driver of a car in attempting to negotiate a sharp curve, properly marked with danger signals, on the highway leading to an overpass constructed by defendant railroad company over its tracks, failed to make the curve and "sideswiped" the guard railing of the overpass for a distance of ten feet, and that a loose end of a broken railing entered the side rear curtain of the car and struck and killed plaintiff's intestate, who was a passenger in the car.  *Held:* Even conceding that the railroad company was under duty to keep the overpass in repair, its negligence in failing to do so was passive, and the negligence of defendant driver was the real, efficient cause of intestate's death, and defendant railroad company's motion to nonsuit was properly granted.

**4. Negligence § 7—**

Where the passive negligence of defendant would not have resulted in injury except for the intervening active negligence of a responsible third party, the active negligence of such third party insulates the negligence of defendant, and defendant's negligence will not be held a proximate cause of the injury.

APPEAL by plaintiff from *Armstrong, J.*, at February Term, 1937, of DAVIDSON.

Civil action to recover damages for plaintiff's intestate's death, alleged to have been caused by the joint and concurrent negligence of the defendants.

The record discloses that on the night of 12 January, 1936, plaintiff's intestate met his death while riding as a guest on the rear seat of a Model A Ford touring car, owned and operated by the defendant J. Carl Sink. Seven persons were in the car at the time—three on the front seat and four on the back seat—and they were going from Southmont to Lexington on State Highway No. 8. Five miles south of Lexington the highway crosses over and above the track and roadbed of the defendant railway company on an overhead bridge. This bridge was constructed many years ago by the corporate defendant, but is now maintained by the State Highway Commission, and has been under the latter's control for the last two years or more. The highway approaches this overhead bridge on a sharp curve, requiring approximately a right-angle turn. On either side of the bridge are large signs, reading "Sharp Turn"— "Danger," which are clearly visible at night. The night was cold and frosty. The driver entered the bridge at 20, 30, or 35 miles an hour, and was unable to make the curve. He skidded 23 feet on the bridge; "sideswiped" the railing and guard for a distance of ten feet; and broke down his left rear wheel. As the car passed along the side railing, the loose end of a broken rail entered through the left rear curtain of the car and struck plaintiff's intestate's chest with such force as to cause his death. The corporate defendant is sought to be held liable because of the broken rail and the dangling loose end.

At the close of plaintiff's evidence, judgment of nonsuit was entered in favor of the corporate defendant; whereupon, the plaintiff suffered a voluntary nonsuit as to the individual defendant, and appeals.

*T. S. Wall, Jr., and P. V. Critcher for plaintiff, appellant.*
*Craige & Craige and Phillips & Bower for defendant Railway Company, appellee.*

STACY, C. J. The case was here before, 210 N. C., 815, on demurrer to the complaint, C. S., 511. It is here now on demurrer to the evidence, C. S., 567. The two are not the same in purpose or result. One challenges the sufficiency of the pleading; the other the sufficiency of the evidence.

In negligence cases, it is proper to sustain a demurrer to the evidence and to enter judgment of nonsuit:

1. When all the evidence, taken in its most favorable light for the plaintiff, fails to show any actionable negligence on the part of the defendant. *Love v. Asheville,* 210 N. C., 476, 187 S. E., 562; *Cheek v. Brokerage Co.,* 209 N. C., 569, 183 S. E., 729; *Ingle v. Cassady,* 208 N. C., 497, 181 S. E., 562; *Grimes v. Coach Co.,* 203 N. C., 605, 166 S. E., 599; *Eller v. R. R.,* 200 N. C., 527, 157 S. E., 800; *Poovey v. Sugar Co.,* 191 N. C., 722, 133 S. E., 12; *Young v. R. R.,* 116 N. C., 932, 21 S. E., 177; *Brown v. Kinsey,* 81 N. C., 245. See *S. v. Carter,* 204 N. C., 304, 168 S. E., 204; *S. v. Montague,* 195 N. C., 20, 141 S. E., 285. "It all comes to this, that there must be legal evidence of the fact in issue and not merely such as raises a suspicion or conjecture in regard to it"—*Walker, J.,* in *S. v. Prince,* 182 N. C., 788, 108 S. E., 330.

2. When it clearly appears from the evidence that the injury complained of was independently and proximately produced by the wrongful act, neglect, or default of an outside agency or responsible third person. *Newell v. Darnell,* 209 N. C., 254, 183 S. E., 374; *Beach v. Patton,* 208 N. C., 134, 179 S. E., 446; *Haney v. Lincolnton,* 207 N. C., 282, 176 S. E., 573; *Ward v. R. R.,* 206 N. C., 530, 174 S. E., 443; *Hinnant v. R. R.,* 202 N. C., 489, 163 S. E., 555; *Chambers v. R. R.,* 199 N. C., 682, 155 S. E., 571; *Burke v. Coach Co.,* 198 N. C., 8, 150 S. E., 636; *Herman v. R. R.,* 197 N. C., 718, 150 S. E., 361; *Hughes v. Luther,* 189 N. C., 841, 128 S. E., 145; *Lineberry v. R. R.,* 187 N. C., 786, 123 S. E., 1; *Harton v. Tel. Co.,* 141 N. C., 455, 54 S. E., 299. Compare *Brown v. R. R.,* 208 N. C., 57, 179 S. E., 25.

3. When contributory negligence is established by plaintiff's own evidence. *Wright v. Grocery Co.,* 210 N. C., 462, 187 S. E., 564; *Stamey v. R. R.,* 208 N. C., 668, 182 S. E., 130; *Tart v. R. R.,* 202 N. C., 52, 161 S. E., 720; *Scott v. Tel. Co.,* 198 N. C., 795, 153 S. E., 413; *Davis v. Jeffreys,* 197 N. C., 712, 150 S. E., 488; *Lunsford v. Mfg. Co.,* 196 N. C., 510, 146 S. E., 129; *Davis v. R. R.,* 187 N. C., 147, 120 S. E., 827; *Horne v. R. R.,* 170 N. C., 645, 87 S. E., 523; *Wright v. R. R.,* 155 N. C., 325, 71 S. E., 306. See *S. v. Fulcher,* 184 N. C., 663, 113 S. E., 769. Compare *Absher v. Raleigh, ante,* 567; *Diamond v. Service Stores, ante,* 632; *Hayes v. Tel. Co., ante,* 192; *Boykin v. R. R., ante,* 113; *Oldham v. R. R.,* 210 N. C., 642; *Lincoln v. R. R.,* 207 N. C., 787, 178 S. E., 601.

Even if it be conceded that here the corporate defendant was under the duty of keeping the overhead bridge in repair, *Stone v. R. R.,* 197 N. C., 429, 149 S. E., 399, which may be doubted on the facts revealed by the record, *Pickett v. R. R.,* 200 N. C., 750, 158 S. E., 398, still the judgment of nonsuit would seem to be correct, it appearing that the active negligence of the driver of the car was the real, efficient cause of plaintiff's intestate's death. *Haney v. Lincolnton, supra; Baker v.*

*R. R.,* 205 N. C., 329, 171 S. E., 342; *Hinnant v. R. R., supra; Herman v. R. R., supra; Brigman v. Const. Co.,* 192 N. C., 791, 136 S. E., 125.

We had occasion to examine anew this doctrine of insulating the conduct of one, even when it amounts to passive negligence, by the intervention of the active negligence of an independent agency or third party, as applied to variant fact situations, in the recent cases of *Beach v. Patton, supra; George v. R. R.,* 207 N. C., 457, 177 S. E., 324; *Haney v. Lincolnton, supra; Baker v. R. R., supra; Hinnant v. R. R., supra; Herman v. R. R., supra; Craver v. Cotton Mills,* 196 N. C., 330, 145 S. E., 570; *Ballinger v. Thomas,* 195 N. C., 517, 142 S. E., 761; *Lineberry v. R. R., supra.* These decisions, and others, are in full support and approval of Mr. Wharton's statement in his valuable work on Negligence (sec. 134): "Supposing that if it had not been for the intervention of a responsible third party the defendant's negligence would have produced no damage to the plaintiff, is the defendant liable to the plaintiff? This question must be answered in the negative, for the general reason that causal connection between negligence and damage is broken by the interposition of independent responsible human action. I am negligent on a particular subject matter. Another person, moving independently, comes in, and either negligently or maliciously so acts as to make my negligence injurious to a third person. If so, the person so intervening acts as a nonconductor, and insulates my negligence, so that I cannot be sued for the mischief which the person so intervening directly produces. He is the one who is liable to the person injured."

The same rule announced by *Mr. Justice Strong* in *R. R. v. Kellogg,* 94 U. S., 469, regarded as sound in principle and workable in practice, has been quoted with approval in a number of our decisions. He says: "The question always is, Was there an unbroken connection between the wrongful act and the injury—a continuous operation? Did the facts constitute a continuous succession of events, so linked together as to make a natural whole, or was there some new and independent cause intervening between the wrong and the injury? It is admitted that the rule is difficult of application. But it is generally held that, in order to warrant a finding that negligence, or an act amounting to a wanton wrong, is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence, or wrongful act, and that it ought to have been foreseen in the light of attending circumstances."

As the record discloses no sufficient predicate for a reversal of the judgment of nonsuit, it will not be disturbed.

Affirmed.