N. C. GUTHRIE v. ANTHONY J. GOCKING, TRADING AS A. J. GOCKING COMPANY, AND J. E. THOMPSON.

(Filed 30 November, 1938.)

1. **Automobiles § 10—Ordinarily, driver may assume that another driver approaching on left of highway will turn to right and avoid collision.**

   When the driver of a car sees another car approaching from the opposite direction on the wrong side of the highway, he may assume that such other driver will turn to his right in time to avoid a collision, but when he sees, or should realize in the exercise of proper care and watchfulness, that such other driver is in a helpless condition or will be unable to avoid hitting his car, he must exercise increased exertion to avoid a collision.

2. **Same: Automobiles § 18e—Complaint held insufficient to allege negligence on part of defendant driver in failing to avoid collision.**

   Plaintiff alleged that he was driving his car on the highway following the car driven by one defendant and owned by the other defendant, that defendant driver saw approaching him from the opposite direction an automobile driven on the wrong side of the highway, which third car

17—214

plaintiff could not see because defendant's car was between him and the third car, that defendant driver could have seen that the driver of the third car was in a more or less helpless condition or would be unable to avoid hitting defendant's car, and that defendant driver failed to turn to his right or left to avoid a collision, and that the cars collided and resulted in injury to plaintiff. *Held:* Defendant's demurrer was properly sustained, since ordinarily a driver may assume that a car approaching on the wrong side of the highway will be turned to the right in time to avoid a collision, and since the allegation that defendant driver should have seen that the driver of the third car was helpless or unconscious is a mere conclusion of the pleader unsupported by allegations of fact leading to that conclusion, and since it is not alleged that defendant driver might have turned either to the right or left in safety, or that such action would have saved plaintiff from injury. *Rucker v. Snider Bros.,* 211 N. C., 566, cited and distinguished.

APPEAL by plaintiff from *Hamilton, Special Judge,* at September Extra Civil Term, 1938, of MECKLENBURG. Affirmed.

Action for personal injury to plaintiff caused by a collision between defendants' automobile and the automobile of a third party. It is alleged that the plaintiff, driving an automobile in the rear of defendants' automobile, was injured as a result of the collision, and that this was due to defendants' negligence. Defendants demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action, in that it appeared from the facts alleged that the negligence of the third party was the sole proximate cause of plaintiff's injury. The demurrer was sustained and plaintiff appealed.

*G. T. Carswell and Joe W. Ervin for plaintiff appellant.*
*J. Laurence Jones for defendants, appellees.*

DEVIN, J. The appeal presents the question whether a cause of action for negligence on the part of the defendants, proximately resulting in plaintiff's injury, has been sufficiently stated in the complaint.

The complaint alleges that the plaintiff, on the occasion referred to, was driving an automobile on the highway between Albemarle and Troy, North Carolina, traveling in an easterly direction, and that his automobile was in the rear and view of defendants' automobile which was proceeding in the same direction; that the automobile of defendant Gocking was being driven by the defendant Thompson, the agent and employee of his codefendant, within the scope of his employment.

The plaintiff sets out the facts upon which he seeks to impose liability upon the defendants in the following language:

"That on or about July 20, 1938, at about 4 o'clock p.m., the automobiles of the plaintiff and the defendant Gocking were being operated in an easterly direction on the North Carolina State Highway between

Albemarle and Troy. That, at said time, the automobile of the defendant Gocking, which was being operated by J. E. Thompson, was approached by a third automobile which was being operated in a westerly direction on said highway. That said third automobile, at said time, was being operated to the left of the center of said highway, directly towards and on the same side of the road as the automobile of the defendants. That, at said time, and until after the collision hereinafter referred to, said third automobile was obscured from the vision of the plaintiff, by reason of the fact that the automobile of the defendants was directly between said third automobile and the plaintiff. That said third automobile continued on the wrong side of said highway to approach the automobile of the defendants in a reckless and careless manner and at an excessive and· dangerous rate of speed. That said J. E. Thompson either observed or, in the exercise of ordinary care, could and would have observed that said third automobile was in a somewhat helpless condition or was apparently unable to avoid the automobile of the defendants, or that the driver of the third automobile did not intend to turn from said lane of traffic or was unconscious of the danger, or that the driver of the third automobile would not or could not or was not going to drive said automobile to the right of the center of the road. That, in spite of such knowledge on the part of the said J. E. Thompson, or in spite of the circumstances which should and would, in the exercise of ordinary care, have put said J. E. Thompson on notice of such fact, said J. E. Thompson negligently and carelessly failed to exercise ordinary care to avoid colliding with said third automobile and negligently and carelessly failed to turn the defendants' automobile either to the right or to the left, to avoid a collision with said third automobile, but negligently and carelessly operated the defendants' automobile on said occasion in a reckless and careless manner, at an excessive and dangerous rate of speed under the circumstances, and negligently and carelessly failed to slow down the defendants' said automobile or to change the course thereof, and negligently and carelessly failed to give the plaintiff any sign, signal or warning of any kind or character of the approach of said third automobile, said J. E. Thompson thereby negligently and carelessly causing his said automobile to collide with said third automobile, the negligence of said J. E. Thompson causing said third automobile to be thrown, hurled, and directed with great force and violence into the automobile of the plaintiff, the plaintiff being thereby injured and damaged as hereinafter set forth."

Omitting some of the repeated phrases and adverbs with which the pleader has clothed his allegations, we find the facts of the situation shown by the complaint to be as follows: The plaintiff is driving an

automobile along the highway in rear of defendants' automobile proceeding in the same direction. A third automobile appears on the scene coming rapidly from the opposite direction, meeting the automobile of defendants and plaintiff. The third automobile is being driven on the left side of the highway, that is, on the same side as that of defendants and plaintiff. In that situation the driver of defendants' automobile continued in his own lane of traffic, to the right of the center of the highway.

It is alleged that it could and should have been foreseen that the third automobile was not going to be turned from its unlawful course, and that the driver of defendants' automobile failed to turn either to the right or left to avoid the collision. However, it does not appear what was on the right of the road, and to have turned to his left would have necessitated a violation of the statute requiring drivers of motor vehicles proceeding in opposite directions to pass each other to the right (Acts 1927, ch. 148, sec. 11), and would have involved the hazard of injury to himself or others on his left side of the road, in the other lane of traffic. The driver of defendants' automobile had the right to assume that the driver of the third car would turn to his right and into his proper lane of traffic in time to avoid collision. Referring to a similar situation, in *Shirley v. Ayers,* 201 N. C., 51, 158 S. E., 840, this Court said: "When the driver of one of the automobiles is not observing the rule (C. S. 2621 [53]), as the automobiles approach each other, the other may assume that before the automobiles meet, the driver of the approaching automobile will turn to his right, so that the two automobiles may pass each other in safety." And, in further relation to the duty of the driver who is observing the rule, the opinion in the *Shirley case, supra,* quotes from 2 R. C. L., 1185, as follows: "But when the operator of a motor vehicle has had time to realize, or by the exercise of a proper care and watchfulness should realize, that a person whom he meets is in a somewhat helpless condition, or apparently unable to avoid the approaching machine, he must exercise increased exertion to avoid a collision." *Cory v. Cory,* 205 N. C., 205, 170 S. E., 629; *James v. Coach Co.,* 207 N. C., 742, 178 S. E., 607. The rule requiring reasonable precaution to avoid a collision under the circumstances is stated in 3-4 Huddy Cyclopedia Automobile Law, pages 187, 191.

While it is alleged in the complaint that the driver of defendants' automobile could have "observed that the third automobile was in a somewhat helpless condition or was apparently unable to avoid the automobile of defendants, or that the driver of the third automobile did not intend to turn from said lane of traffic or was unconscious of the danger," there is no fact alleged to indicate helplessness or unconsciousness on the part of the driver of the third automobile, and the allegation

seems rather a conclusion based upon alternative assumptions on the part of the pleader.

It is further alleged in the complaint that until after the collision the third automobile was obscured from the vision of the plaintiff by reason of the fact that defendants' automobile was directly between the third automobile and the plaintiff. From this it would appear that had the defendants' automobile been suddenly turned out of the way of the oncoming third automobile, plaintiff's automobile would have probably received the full impact of the collision.

From an analysis of the factual situation alleged, it does not appear that the driver of defendants' car could reasonably have foreseen that the maintenance of his position on the right side of the highway, in his proper lane of traffic, in the face of the approaching third automobile, would result in injury to the plaintiff in an automobile to the rear. *Balcum v. Johnson,* 177 N. C., 213, 98 S. E., 532; *Burke v. Coach Co.,* 198 N. C., 8, 150 S. E., 636; *Newell v. Darnell,* 209 N. C., 254, 183 S. E., 374; *Smith v. Sink,* 211 N. C., 725, 192 S. E., 108; *Powers v. Sternberg,* 213 N. C., 41; *R. R. v. Kellogg,* 94 U. S., 469.

The plaintiff, however, contends with much force that the facts alleged here are substantially similar to those in *Rucker v. Snider Bros.,* 211 N. C., 566, 191 S. E., 6, where it was stated that a demurrer *ore tenus,* on the same ground as that here asserted, would not lie. An examination of the complaint in that case, as it appears from the record on file, shows that it was there alleged that the plaintiff Rucker was injured as result of a collision between a truck of Snider Bros., and a truck of Maner Motor Transit Company. Plaintiff was in an automobile traveling in same direction and in rear of the Maner truck. The Snider truck was approaching from the opposite direction at a high rate of speed and slightly to the left of the center of the highway. It was alleged that the driver of the Maner truck negligently failed to observe this situation and drove his truck too near the center of the highway, instead of pulling further to the right, causing a collision whereby the Snider truck was deflected further to the left and caused to strike the automobile in which plaintiff Rucker was riding. The *Rucker case* was twice considered by this Court, once on motion for removal to U. S. Court (210 N. C., 778, 188 S. E., 405), and on appeal from motion to strike (211 N. C., 566, 191 S. E., 6). While the facts in the *Rucker case, supra,* are in some respects similar to those in the case at bar, we are constrained to the view that the holding in those cases, on the facts there presented, should not be held controlling here. Nor is this view in conflict with the decisions in *Taylor v. Rierson,* 210 N. C., 185, 185 S. E., 627, and *Cunningham v. Haynes, ante,* 456, where facts distinguishable from those in the instant case were made to appear.

We conclude that the complaint fails to state facts sufficient to constitute a cause of action for negligence on the part of the defendants which proximately caused the injury complained of, and that the demurrer was properly sustained.

Judgment affirmed.