N. C. GUTHRIE v. ANTHONY J. GOCKING, TRADING AS A. J. GOCKING COMPANY, AND J. E. THOMPSON.

(Filed 1 May, 1940.)

**1. Automobiles § 13—Motorist is not under duty to give warning to drivers of vehicles in his rear that car is approaching from opposite direction.**

The duty of a motorist to give warning before materially decreasing his speed or turning to the right or left is for the benefit of drivers of vehicles which might be endangered by such action, and it is not incumbent upon a driver to give warning to the drivers of vehicles in his rear that a car is approaching from the opposite direction and his failure to give such warning cannot be held a proximate cause of a collision between the car in his rear and the car approaching from the opposite direction.

**2. Automobiles § 9a—**

A motorist has no duty to drive off of the hard surface of the highway onto the shoulder of the road on his right in order to let the driver of a car in his rear see a car approaching on the wrong side of the highway from the opposite direction.

**3. Same: Automobiles § 18d—Held: Even conceding defendant was negligent, negligence of driver of third car intervened and was sole proximate cause of accident.**

Plaintiff's evidence tended to show that the car owned by one defendant was driven by the other defendant on the highway in front of plaintiff's car, both cars being driven in the same direction, that another car approached from the opposite direction on the wrong side of the highway, that defendant driver materially slackened speed or stopped his car without giving any warning or signal, that the third car "side-swiped" defendant's car and hit plaintiff's car head-on. There was no evidence that defendant driver was operating the car driven by him at excessive speed or in a reckless manner and no evidence that he knew or should have known that the driver of the third car was in a helpless or unconscious

condition. *Held:* Defendant driver's failure to signal that he was going to slacken speed or stop was not the proximate cause of the accident between plaintiff's car and the third automobile, and even conceding that defendant driver should have driven off of the hard surface portion of the highway to his right under the circumstances, the evidence discloses that the gross and palpable negligence of the driver of the third car constituted the efficient proximate cause of plaintiff's injuries and completely exculpates defendants.

CLARKSON, J., dissents.

APPEAL by defendants from *Johnston, J.,* at October Extra Term, 1939, of MECKLENBURG. Reversed.

Civil action to recover damages for personal injuries caused by a collision between the automobile of plaintiff and a third party.

Plaintiff alleges and offered evidence tending to show that the automobile of the defendant Gocking was being operated by the defendant Thompson, going in an easterly direction between Albemarle and Troy; that plaintiff was operating his automobile just behind defendant's automobile and going in the same direction; that an automobile going in the opposite direction cut to its left, side-swiped the Thompson automobile and then ran head-on into plaintiff's automobile; and that as a result thereof the plaintiff suffered serious personal injuries.

There was a verdict and judgment for the plaintiff and defendants appealed.

*G. T. Carswell and Joe W. Ervin for plaintiff, appellee.*
*J. Laurence Jones for defendants, appellants.*

BARNHILL, J. This case was here at the Fall Term, 1938, on an appeal by plaintiff from judgment sustaining a demurrer to the complaint. *Guthrie v. Gocking,* 214 N. C., 513, 199 S. E., 707. After final judgment therein the plaintiff instituted this action.

The complaint in this cause contains the affirmative allegation that the appearance of the driver of the west-bound automobile clearly indicated that he was in a helpless condition; that he was leaning over his steering wheel in a slumped-over position; and that his face and his eyes and his entire appearance showed that he was so drunk or doped that he was unconscious, and that although the defendant Thompson saw, or by the exercise of ordinary care should have observed, that such driver was unconscious of the danger, he negligently failed to turn to his extreme right side of the road in ample time to avoid the collision. It likewise contains an allegation that there was 9 feet 4 inches of additional road immediately to Thompson's right which was level and in good condition and onto which he could have driven his automobile.

The plaintiff alleges, in substance, that Thompson was negligent in that (a) he operated his automobile in a reckless and careless manner and at an excessive and dangerous rate of speed; (b) he failed to keep a proper lookout for the safety of the plaintiff; (c) he failed to apply brakes at the proper time or to give the plaintiff any signal, sign or warning; (d) he failed to exercise ordinary care to avoid a collision between his automobile and the oncoming car; (e) he failed to drive his automobile to the extreme right after he observed, or by the exercise of ordinary care should have observed, that the driver of the oncoming car was unconscious of the impending danger; (f) he failed to sound his horn or give any other signal which would have warned the plaintiff that someone was approaching; and (g) he failed to drive his car onto the shoulder of the road so as to afford the plaintiff the opportunity to see the driver of the third automobile and his car.

The record fails to disclose any evidence tending to show that Thompson was operating his automobile in a reckless or careless manner or at an excessive and dangerous rate of speed, or that he failed to keep a proper lookout. Nor is there evidence that the driver of the west-bound car was drunk or helpless or unconscious of impending danger and that Thompson observed, or by the exercise of ordinary care should have observed, such condition. *Taylor v. Rierson,* 210 N. C., 185, 185 S. E., 627, is not in point. On the contrary, there is evidence from the plaintiff that Thompson materially decreased the speed of his automobile and was driving on his right-hand portion of the hard surface of the highway. It further appears that just prior to the time the oncoming car struck Thompson's automobile Thompson cut or "jerked" his automobile to the right.

There is evidence that Thompson did not blow his horn or give any hand signal indicating his intention to stop. A motorist is required, when reasonably necessary, to blow his horn to give warning to travelers ahead, and to those approaching from a side road and to persons in or near the line of travel whose safety may be endangered by the approaching automobile. No duty rests on him to give such signal to warn a car in the rear that there is an automobile approaching going in the opposite direction. Nor does any duty rest on the motorist to drive his automobile on the shoulder of the road so as to enable an automobile to his rear to observe a car approaching from the opposite direction.

Conceding that it was the duty of the defendant to give plaintiff a hand signal of his intention to stop or to materially decrease the speed of his automobile, such signal is to warn the traveler in the rear to enable him to avoid colliding with the car ahead. The plaintiff took note of the fact that the car of the defendant was materially decreasing its speed and there was no collision between his car and the car of the defendant.

The failure to give a hand signal cannot be said to be the proximate cause of the collision between the automobile of the plaintiff and the west-bound car.

At the time of the collision it was raining and the shoulder of the road was wet. Was it the duty of Thompson, as the plaintiff contends, to drive his automobile off the hard surface onto the shoulder in an effort to avoid a collision with the west-bound car? Certainly, under some conditions, it would have been his duty so to do. However, we do not conceive that any reasonable degree of prevision would have caused him to apprehend that his failure to do so would result in injury and damage to the driver of the car to his rear. Omniscience is not required.

But let us assume that it was the duty of Thompson, in the exercise of ordinary care, to drive his automobile completely off of the hard surface onto the wet, slippery shoulder of the road. Even so, it affirmatively appears that the plaintiff suffered his injuries as the proximate result of the gross and palpable negligence of the driver of the west-bound car. His conduct constitutes an efficient, intervening, insulating act of negligence which was the proximate cause of the plaintiff's injuries and completely exculpates the defendants. *Butner v. Spease, ante,* 82, and cases there cited.

We are of the opinion that the record is devoid of any evidence of actionable negligence on the part of the defendants and that the motion for judgment of nonsuit should have been sustained.

Reversed.

CLARKSON, J., dissents.