MRS. MINNIE DICK HINTON v. SOUTHERN RAILWAY COMPANY.

(Filed 29 November, 1916.)

1. **Railroads — Negligence—Automobiles—Statutes—Speed Limit—Proximate Cause.**

   Where a railroad company has provided a gate at a public street crossing of a town to be let down for the protection of vehicles, etc., from passing trains, and it has been shown that the employee in charge has negligently let down this gate in front of an automobile too suddenly for the driver and owner to stop, and has caused him to deflect his course to the damage of the machine and his own injury, without negligence on his part, the fact that the driver was at the time exceeding the statutory speed limit, and was therefore guilty of a misdemeanor, does not alone bar his recovery, such being dependent upon the question as to whether his act was the proximate cause of the injury. *Lloyd v. R. R.*, 151 N. C., 536, where the statute itself is made the basis of the injury, cited and distinguished.

2. **Railroads—Negligence—Automobiles—Speed Limit—Statutes.**

   Chapter 107, Laws 1913, among other things providing that a person operating a motor vehicle shall have it under control and not exceed 7 miles an hour in certain surroundings, having regard to the traffic on the highway, making a violation thereof a misdemeanor, includes railroads within its provisions, and it is therefore a misdemeanor to run an automobile at a greater speed than 7 miles an hour while approaching a railroad crossing in a town.

3. **Negligence—Evidence—Sudden Peril—Railroads—Crossings—Automobiles.**

   The doctrine that a person in the presence of imminent peril is not held to the same deliberation or circumspection of care as he would be under ordinary conditions applies to the facts of this case, where an automobile, driven by the owner, was approaching a railroad crossing, with his view of a coming train obstructed, and the employee of the company suddenly dropped the gate to allow a train to rapidly pass, thereby causing him to deflect the course of his car to its damage and causing him personal injury.

See *Walters v. R. R.*, next following.

CIVIL ACTION to recover for alleged negligent injuries to plaintiff and to her automobile, which plaintiff was driving at the time, tried before *Cline, J.*, and a jury, at March Term, 1916, of GUILFORD.

There was denial of liability by defendant, and, on the trial, the jury rendered the following verdict:

1. Was the plaintiff and her automobile injured by the negligence of the defendant, as alleged in the complaint?   Answer: "Yes."

2. Did the plaintiff, by her own negligence, contribute to her own injury, as alleged in the answer?   Answer: "No."

3. What damages, if any, is the plaintiff entitled to recover on account of any personal injuries?   Answer: "$200."

4. What damages, if any, is the plaintiff entitled to recover on account of any injury to her automobile?   Answer: "$300."

Judgment on the verdict for plaintiff, and defendant excepted and appealed.

*John A. Barringer for plaintiff.*
*Wilson & Ferguson for defendant.*

HOKE, J.  The facts in evidence on the part of plaintiff tended to show that on 11 May, 1915, she was driving her automobile along Summit Avenue, in the city of Greensboro, and towards the crossing of that street over the defendant railroad.  That it is a much frequented crossing, with buildings extending up near the railroad, shutting off the view of the railroad tracks for persons traveling on the highway, and, for these reasons, there are gates provided to be let down and bar the approach and also a tower and watchman, the latter having full view of both railroad and highway, who operates these gates and also a gong for the purpose of giving warning of trains to persons who may be on the highway, approaching the crossing.  That on the occasion in question plaintiff was running her car at the rate of 10 to 15 miles per hour, having the same under good control, and, hearing no gong nor signal, she approached the crossing with a purpose of going over, and when she was in 25 or 30 feet of the gates they were suddenly lowered and a freight train "rushed instantly by," without any warning having been given; that in order to avoid running on the gates and a probable collision with the passing train, plaintiff turned her machine square to the right, and in doing so ran the same into a building, 19 or 20 feet off, and in doing so received the injuries and damage complained of; that the car, under ordinary conditions and at the speed it was moving, might have been stopped in 25 or 30 feet, but it struck before plaintiff was able to stop it, and the injuries occurred as stated.

There was evidence on the part of the defendant to the effect that proper signal warnings were given, and, further, that the car left the street about 81 feet from the gate, and that the same could have been stopped and the injuries avoided by the exercise of ordinary care and firmness on the part of the plaintiff.

Under a charge free from error, in the ordinary aspects of such a case, the·jury, accepting plaintiff's version of the occurrence, have established that plaintiff was injured by reason of defendant's negligence; that plaintiff herself was free from blame at the time, and has suffered the damage as alleged in the complaint. Judgment having been entered on the verdict, defendant appeals and assigns for error that the cause should have been nonsuited on his motion, for the reason, solely, that plaintiff at the time, by her own testimony, was approaching the crossing at a rate of speed forbidden by the statute. The law in question, chapter 107, Laws 1913, makes extensive regulations as to the use of motor vehicles, and in the latter portion of section 15 provides: "That upon approaching an intersecting highway, a bridge, dam, sharp curve or steep descent, and also in traversing such intersecting highway, bridge, dam, curve or steep descent, a person operating a motor vehicle shall have it under control and operate it at such speed, not to exceed 7 miles an hour, having regard to the traffic then on such highway and the safety of the public," etc.; and section 20 enacts that "Any person who violates any provision of the act shall be guilty of a misdemeanor."

Both from the language and the evidence and controlling purpose of the statute it is clear, we think, that the Legislature intended to include in the provisions of the statute a railroad as well as other *highways,* and the plaintiff, therefore, who testifies that she approached the crossing at a speed of 10 to 15 miles an hour was acting in violation of the law at the time of the occurrence. It does not necessarily follow, however, that plaintiff is for that reason barred of recovery. Where the violation of a statute is, in itself, made the basis of an action, an instance presented in *Lloyd v. R. R.,* 151 N. C., 536, such a suit cannot be maintained, but where it only affects or presents the conditions existent at the time of the occurrence, the injured person, though himself violating the law at the time, is not prevented from recovering for a willful or negligent wrong and injury inflicted upon him, unless his own misconduct is the proximate cause of the injury. The principle has been approved in several recent decisions of the Court, as in *Zageir v. Express Co.,* 171 N. C., 692; *Paul v. R. R.,* 170 N. C., 230; *Ledbetter v. English,* 166 N. C., 125; and its proper application to the facts of this record is against defendant's position. It is well understood that a person in the presence of an emergency is not usually held to the same deliberation or circumspect care as in ordinary conditions. *McKay v. R. R.,* 160 N. C., 260. And the jury having accepted the version that plaintiff, going down Summit Avenue at a moderate speed with her car under control and with every reason to believe she would receive timely warning, was put in a position of real peril by the sudden lowering of defendant's gates, she would have a right to do what was reasonably

necessary to save herself and the other occupants of the car, and she should not be prevented from recovering solely because she was moving in excess of the statutory speed unless, as stated, such violation was clearly the proximate cause of the injury.

On the facts in evidence it has not at all been made to appear that these injuries would have followed if she had been going 7 miles an hour, as the statute requires, and certainly it should not be so ruled against her as a conclusion of law.

The precise question has been so resolved with us in *Shepard v. R. R.,* 169 N. C., 239, in which it was held: "The mere fact that the speed of an automobile exceeded that allowed by chapter 107, Laws 1913, at the time of collision with a railroad train at a public crossing, does not of itself prevent a recovery by the owner, where there is evidence of negligence on the part of the railroad, because it would, among other things, withdraw the question of proximate cause from the jury." And *Clark v. Wright,* 167 N. C., 646, is to same effect.

There was no error in denying the motion for nonsuit, and the judgment below is affirmed.

No error.