MRS. FLORENCE TAYLOR v. MRS. BERTHA T. RIERSON, ADMINISTRATRIX OF W. P. RIERSON, AND ROBERT TAYLOR.

(Filed 20 May, 1936.)

**1. Automobiles C f—**

The mere fact of skidding is insufficient to establish negligence on the part of the driver of an automobile, but where the skidding is caused by the negligent operation of the car, the driver is liable for injuries resulting therefrom.

**2. Trial D a—Discrepancies in testimony of witness will not warrant disregard of her testimony for plaintiff on motion to nonsuit.**

Discrepancies in the testimony of a witness upon her examination in chief and upon cross-examination, and her testimony in a prior action, does not justify the disregard of her testimony favorable to plaintiff in passing upon defendant's motion to nonsuit, it being the province of the jury to determine at which time, if at all, her testimony was accurate.

**3. Automobiles C f—Evidence held sufficient to show that skidding was caused by negligent operation of car.**

The evidence favorable to plaintiff tended to show that defendant's intestate was driving his car at a speed of forty-five miles per hour along a wet street in heavy traffic in a thickly populated residential section of

TAYLOR *v.* RIERSON.

a city when the car skidded fifty feet and careened to the left over the center of the street and hit another car going in the opposite direction, resulting in the injuries in suit. *Held:* The evidence was sufficient to be submitted to the jury on the question of whether the skidding of the car was caused by its negligent operation by defendant's intestate.

**4. Negligence B b—Doctrine of last clear chance may arise only when plaintiff is guilty of contributory negligence.**

The doctrine of last clear chance may arise only when plaintiff is guilty of contributory negligence, and one of defendants, sued as joint tort-feasor, may not resist recovery by plaintiff on the ground that the other defendant had the last clear chance to avoid the injury.

**5. Automobiles C i—Held: Evidence failed to show intervening negligence, since driver's negligence was active and not passive.**

Plaintiff's evidence tended to show that plaintiff was a gratuitous guest in a car driven by defendant's intestate, that intestate drove his car about forty-five miles per hour down a wet street in heavy traffic in a thickly populated residential district of a city, that the car skidded approximately fifty feet and careened to the left so that it was about seven feet over the center of the street when it collided with another car which was being driven by the other defendant in the opposite direction. Plaintiff's evidence also tended to show that the driver of the other car failed to keep a proper lookout, that he could have seen that intestate's car was out of control and could have avoided the collision by turning three feet further to his right, although he was to his right of the center of the street when the collision occurred. *Held:* Defendant administratrix' motions to nonsuit were properly denied, since there was no contention of contributory negligence on the part of plaintiff necessary to support the doctrine of last clear chance, and since the evidence discloses that intestate's negligence was active and not passive, rendering untenable the contention that defendant driver's negligence was the sole proximate cause of the injury.

**6. Automobiles D b—**

The "gross negligence" rule does not apply in this jurisdiction to actions by a gratuitous guest to recover from the driver for injuries sustained in a collision.

**7. Automobiles C f—Evidence held sufficient to be submitted to jury on question of negligence in failing to keep proper lookout.**

The evidence disclosed that the car in which plaintiff was riding as a guest skidded approximately fifty feet and careened to the left so that its left front wheel was about seven feet over the center of the street when it struck the car driven by defendant, that defendant was driving his car on the right side of the street at about twenty miles per hour, but that he could have seen that the car in which plaintiff was riding was out of control, and that he could have avoided the collision by turning three feet further to his right, there being about seventeen feet between his car and the right curb. *Held:* The evidence was sufficient to be submitted to the jury upon plaintiff's allegations that the driver of the car failed to keep a proper lookout, and was driving in a reckless manner in view of the conditions of the street and the surrounding circumstances.

**8. Negligence D d—Instruction on question of proximate cause held sufficiently full in absence of request for special instructions.**

Where, in an action by a guest against two defendants upon allegations that the collision causing her injuries resulted from the concurrent negligence of the drivers of the cars, the court correctly charges the law on the question of proximate cause, the objection of one defendant that the charge was not sufficiently full in view of his contention that the negligence of the other defendant was the sole proximate cause of the collision will not be sustained, it being required of defendant, if he wished more particular instructions, to have aptly tendered a request therefor, C. S., 565.

**9. Appeal and Error F b—**

An exception taken by one defendant to the charge of the court on an issue relating solely to the other defendant's liability and in no way affecting the interest of the excepting defendant, will not be considered.

**10. Appeal and Error G c—**

Assignments of error not discussed in appellant's brief are deemed abandoned. Rule of Practice in the Supreme Court, No. 28.

APPEAL by defendants from *Small, J.,* at July Special Term, 1935, of MECKLENBURG. No error.

This is a civil action to recover damages for personal injuries alleged to have been negligently inflicted.

The plaintiff alleged and offered evidence tending to prove that on 1 July, 1934, on West Trade Street, in the city of Charlotte, while she was riding as a guest in the automobile of the intestate of the defendant Rierson, the said intestate drove said automobile at an unlawful rate of speed and in a reckless and negligent manner on the left side of a street, causing it to skid and to collide with the automobile of the codefendant Taylor, resulting in serious and permanent injury to the plaintiff.

The plaintiff further alleged and offered evidence tending to prove that the defendant Taylor was operating his automobile on the occasion in question negligently, "with a disregard of the safety of this plaintiff, and without keeping a proper lookout for persons traveling upon said street," and thereby caused the collision wherein the plaintiff was injured.

The issues submitted to and answers made by the jury were as follows:

"1. Was the plaintiff injured by the negligence of W. P. Rierson, deceased, as alleged in the complaint? Answer: 'Yes.'

"2. Was the plaintiff injured by the negligence of the defendant Robert Taylor, as alleged in the complaint? Answer: 'Yes.'

"3. What amount of damages, if any, is the plaintiff entitled to recover? Answer: '$5,000.'"

From judgment based upon the verdict the defendants appealed, assigning errors.

TAYLOR *v.* RIERSON.

*Carswell & Ervin for plaintiff, appellee.*

*C. H. Gover, William T. Covington, Jr., and Hugh L. Lobdell for defendant Rierson, appellant.*

*J. Laurence Jones for defendant Taylor, appellant.*

### DEFENDANT RIERSON'S APPEAL.

SCHENCK, J. Assignments of Error Nos. 1, 2, and 3 are directed to the refusal of the court to allow motions for judgment as of nonsuit and for peremptory instruction for the defendant upon the first issue. To sustain these motions the appellant relies principally upon what is said in *Springs v. Doll,* 197 N. C., 240, where the following language from Huddy on Automobiles is quoted with approval: "The mere fact of the skidding of a car is not of itself such evidence of negligence as to render the owner liable for an injury in consequence thereof." In the same opinion it is stated: "In the case at bar it does not appear that there was any defect in the automobile, or that it was operated at an excessive rate of speed, or in any other negligent or careless manner. Therefore, the mere skidding of the automobile, causing it to run upon the embankment and turn over, is the sole basis of the claim of the plaintiff."

The result of the holdings in the cases that fall in the class of the *Springs case, supra,* is that the skidding of an automobile may occur without fault or negligence of the driver, and for that reason the mere skidding itself does not render the driver liable for an injury in consequence thereof, but if the skidding be caused by his negligence, then the driver is liable for resulting injuries.

In the case at bar the evidence tends to show that the collision of the two automobiles was caused by the skidding on the left of the center of the street of the automobile in which the plaintiff was riding as a guest, and that as a result thereof she was seriously injured. Therefore, we are called upon to decide if there was sufficient evidence to be submitted to the jury upon the question as to whether the skidding of the automobile driven by the defendant's intestate was proximately caused by his negligence.

The witness Pauline Berger, a passenger in the automobile that collided with the intestate's automobile, testified: "I saw the Rierson car before the collision. The Rierson car was running before the collision about forty-five miles an hour. I have an opinion satisfactory to myself as to how fast the car in which I was riding was running. My opinion is that the car was running about twenty or twenty-five miles an hour. The Rierson car was traveling down hill, and the car in which I was riding was going up hill, going east. The Rierson car was going in a westerly direction. The left side of the Rierson car hit the left front

TAYLOR *v.* RIERSON.

of the Ford car. . . . In my opinion, the Rierson car at that time was traveling forty-five miles an hour. . . . I saw the Rierson car just a few minutes before the collision between our car and the Rierson car took place. I don't know how far our car moved between the time I saw the Rierson car and the time the collision took place."

Although the witness, Miss Berger, under cross-examination, was shown to have made statements on the trial of another cause, to which she was a party, not entirely in accord with the foregoing excerpt, and although her testimony on cross-examination was otherwise somewhat at variance with her testimony in chief, upon a motion to nonsuit, the court must consider the evidence in the light most favorable to the plaintiff, it being the function of the jury to determine at which time, if at all, her testimony was accurate.

When considered in the light of the fact that all of the evidence tended to show that the collision took place in a thickly populated residential section of the city of Charlotte, on a street heavy with traffic and wet from rain, we think the testimony of Miss Berger furnished sufficient evidence from which an inference could be reasonably drawn that the negligent, reckless driving, of the intestate proximately caused his automobile to skid, resulting in injury to his guest and in his own untimely death.

The appellant further argues, under her motion for judgment as of nonsuit, that even if the court should be of the opinion that there was evidence of negligence on the part of her intestate, that all of the evidence tends to show that the negligence of her codefendant, Robert Taylor, under the doctrine of "the last clear chance," was the sole proximate cause of the collision between the two automobiles, and, therefore, of the plaintiff's injuries. We apprehend that the doctrine of "the last clear chance" has no application here, since such doctrine presupposes negligence on the part of the plaintiff, that is, contributory negligence, and there was no issue of contributory negligence suggested in the trial of this cause. "The Supreme Court of the United States thus lays down the doctrine of contributory negligence as modified by that of the last clear chance: 'Although the defendant's negligence may have been the primary cause of the injury complained of, yet an action for such injury cannot be maintained if the proximate and immediate cause of the injury can be traced to the want of ordinary care and caution in the person injured, subject to this qualification, which has grown up in recent years: That the contributory negligence of the party injured will not defeat the action if it be shown that the defendant might, by the exercise of reasonable care and prudence, have avoided the consequences of the injured party's negligence.' (*Grand Trunk R. R. Co. v. Ives,* 144 U. S., 408.) The doctrine really means, however, that

even though a person's own acts may have placed him in a position of peril, yet if another acts or omits to act with knowledge of the peril, and an injury results, the injured person is entitled to recover." 20 R. C. L., par. 114, p. 140. To like effect is *Redmon v. Southern Ry. Co.,* 195 N. C., 764, cited in appellant's brief, wherein it is said: "The last clear chance doctrine is the duty imposed by the humanity of the law upon a party to exercise ordinary care in avoiding injury to another who has negligently placed himself in a situation of danger. . . . The doctrine of last clear chance does not arise until it appears that the injured party has been guilty of contributory negligence." There is no evidence in the case at bar that the plaintiff's own acts or negligence placed her in a position of peril or danger, but, to the contrary, the evidence tends to show that if she were so placed, she was so placed by the negligence of the intestate, the driver of the automobile in which she was riding, which negligence is not imputed to her, a passenger.

The appellant also argues that the principle enunciated in *Baker v. R. R. Co.,* 205 N. C., 329, and *Haney v. Lincolnton,* 207 N. C., 282, is applicable to this case, that is, that if her intestate were guilty of any negligence, such negligence was inactive and was insulated as the proximate cause of the collision by the intervening negligence of her codefendant Taylor, the driver of the other automobile involved in the collision. We cannot agree that an automobile running down hill at the rate of forty-five miles per hour on the left-hand side of a wet street, in heavy traffic, in a thickly populated residential section of the city, can be said to be "inactive."

Assignments of Error Nos. 5, 6, and 7 are directed to the court's refusal to grant judgment as of nonsuit for the reason that there is no evidence that the defendant's intestate was guilty of willful and wanton negligence. The appellant frankly states in her brief that she is suggesting that this Court adopt for those riding in automobiles as gratuitous guests the "gross negligence rule" of certain other jurisdictions and overrule *Norfleet v. Hall,* 204 N. C., 573. The Court finds itself unwilling to act upon this suggestion.

Assignments of Error Nos. 4, 8, 9, 10, 11, and 12 are not set out in appellant's brief, and are therefore taken as abandoned by her. Rule 28, Rules of Practice in the Supreme Court, 200 N. C., 811 (831).

On defendant Rierson's appeal we find no error.

## DEFENDANT TAYLOR'S APPEAL.

Assignments of Error Nos. 1, 2, and 3 are directed to the refusal of the court to allow motions for judgment as of nonsuit and for peremptory instruction for the defendant on the second issue.

The plaintiff's evidence (it will not be necessary to consider the defendant Rierson's evidence and the defendant Taylor introduced no evidence), viewed in the light most favorable to her, as it must be on a motion for judgment as of nonsuit, tends to show that the appellant Taylor was driving a Ford car in an easterly direction on the south side of West Trade Street in the city of Charlotte, and met a Graham-Paige car driven on the north side of said street in a westerly direction by the intestate Rierson, that the Rierson automobile departed from the line of traffic on the north side of the street and skidded for fifty feet down the street, passing seven feet to the south of the center thereof; that the street was straight, and the view of the appellant was unobstructed, and that the fact that the Rierson automobile was out of the control of the driver thereof was apparent; and withal, the appellant, having driven his automobile toward the center of the street to pass a truck parked at the south curb, continued to drive straight ahead into the skidding Rierson car, when he had 17 feet between him and the south curb in which to turn and avoid the collision—that by turning only three feet south (to his right) the appellant could have avoided the collision.

The witness, W. A. McCorkle, testified: "I saw this (Rierson) car in this helpless position move a whole distance of fifty feet, and I saw the Taylor car when it was something like fifty feet from the point where the collision took place. I don't remember seeing a thing between the Taylor car and the Rierson car. In my opinion, there was nothing to obstruct Taylor's view, nothing that I saw at the time or remember seeing could obstruct Taylor's view. During the time I observed this situation I observed nothing which could obstruct Taylor's view during a distance of at least one hundred feet before the collision took place. The Rierson car went on down the street, angling across and skidding. Taylor—when I took my eyes off the car—was going at the same rate of speed as he was when I first saw the car. He did not slow down at any time that I observed him. The collision took place very near the south rail of the south car track. At the time of the collision, the Rierson car was a distance of about three feet over the south rail. That left seventeen feet to the south curb, and if Taylor had turned three feet to the right, he would have missed the Rierson car. If Taylor had of turned his car and had been able to have brought the whole car three feet over he would have missed the Rierson car. When I saw him fifty feet back from the point where the collision occurred, he was going twenty to twenty-five miles an hour."

The witness Pauline Berger testified: "I say that the Taylor car passed the truck too fast and that Mr. Taylor, who was driving the car I was riding in, was not keeping a proper lookout, and I said that I didn't know where he was looking."

The testimony of the witnesses McCorkle and Berger was sufficient evidence to carry the case to the jury upon the allegations in the complaint that: "The defendant Robert Taylor negligently operated his automobile on the occasion in question in a careless manner without considering the conditions of the street and the surrounding circumstances, and with a disregard of the safety of this plaintiff, and without keeping a proper lookout for persons traveling upon said street."

Assignment of Error No. 4 is directed to the definition of proximate cause given in the charge as follows: "Proximate cause, gentlemen of the jury, as defined by Webster and others, is 'a cause which directly or with no intermediate agency, produces in effect a specific result. The proximate cause of a given result is that particular cause without which the result would not have happened.' The court's own definition, gentlemen of the jury, of proximate cause is the real cause, the efficient cause, the cause that actually produces the result or injury."

The appellant in his brief says that while "the definition of proximate cause given by the court might be passed over in some cases," since the appellant "in his answer set up the defense that the sole proximate cause of the plaintiff's injury was the negligence of the codefendant, the court . . . should have at least approached the definition set out in *Harton v. Telephone Co.,* 141 N. C., 455." In the light of the whole charge we think the definition given was sufficient. If the appellant desired instructions in the language of the *Harton case, supra,* or any more specific instructions, he should have requested them in the manner prescribed by C. S., 565.

Assignment of Error No. 6 is directed to that portion of the charge as follows: "If you find by the greater weight of the evidence that the collision between the Rierson, Graham-Paige, car and the Robert Taylor car was purely accidental and unavoidable, so far as the said W. P. Rierson was concerned, and occurred without fault or negligence on Rierson's part, you should answer the first issue 'No.'" This seems to be a correct statement of the law, but however this may be, it relates solely to the first issue and could in no way affect the interest of the appellant Taylor, whose contentions were presented under the second and third issues.

Assignments of Error 5, 7, 8, 9, 10, and 11 are not mentioned in appellant's brief, and are therefore deemed to be abandoned. Rule 28 of this Court, *supra.*

On the defendant Taylor's appeal, we find

No error.