D. A. S. HOKE, ADMINISTRATOR OF THE ESTATE OF JAMES MURRAY PATE, JR., v. ATLANTIC GREYHOUND CORPORATION, YATES CLYDE FARRIS AND GEORGE W. SHARPE, SR.

(Filed 21 May, 1947.)

**1. Appeal and Error § 20—**

Where there are two appeals in one action, only one transcript, with separate statements of cases on appeal, should be filed. Rule of Practice in the Supreme Court No. 19 (2).

**2. Negligence § 18: Death § 8—**

In an action for wrongful death the army discharge of plaintiff's intestate is incompetent.

**3. Same: Trial § 16—**

Where the army discharge of plaintiff's intestate has been admitted in evidence but the court thereafter of its own motion withdraws the discharge from the consideration of the jury and instructs the jury not to consider it, the incident will not be held prejudicial.

**4. Negligence § 20—**

An instruction that if the jury should find certain specific facts from the greater weight of the evidence such conduct "would be negligence"

instead of "would constitute negligence," *held* not an expression of opinion in violation of G. S., 1-180, even when considered with a subsequent instruction applying the rule of the prudent man to the conduct of defendant when confronted by an emergency.

**5. Automobiles § 13—**

The right of a motorist driving on his right side of the road to assume and act upon the assumption that the driver of a vehicle approaching from the opposite direction will yield one-half the highway or turn to his right in time to avoid collision, as required by law, G. S., 20-148, is not absolute, but is subject to the duty resting upon him to exercise due care under the existing circumstances, and the statutory requirement that he decrease his speed when special hazards exist with respect to traffic, width and condition of the highway or weather conditions, G. S., 20-141.

**6. Same: Automobiles § 18i—Rule that driver may assume that driver of approaching car will keep to right held not applicable upon the evidence.**

The driver of the car testified that as she approached a long concrete bridge at a speed of about 30 miles an hour over a wet highway she saw a bus traveling 50 or 60 miles an hour approaching from the opposite direction, rounding a curve approximately 150 feet from the other end of the bridge, with its left wheels 3 or 4 feet to the left of the center of the highway, that she took her foot off the accelerator but did not apply her brakes until immediately before the collision. *Held:* It was not error for the court to refuse to give a requested instruction that the driver of the car had the right to assume up to the moment of collision that the driver of the bus would turn to his right in time to avoid collision.

**7. Negligence § 2—**

A person confronted with a sudden emergency is not held to the same degree of care as in ordinary circumstances, but the rule of the prudent man still applies and he is required to exercise that degree of care which an ordinarily prudent person would exercise under similar circumstances.

**8. Same—**

The principle of sudden emergency is not applicable to one who by his own negligence has brought about or contributed to the emergency.

**9. Automobiles § 8j, 18i—Instruction as to principle of sudden emergency held not applicable upon the evidence.**

The driver of the car testified that as she approached a long concrete bridge at a speed of about 30 miles an hour over a wet highway she saw a bus traveling 50 or 60 miles an hour approaching from the opposite direction, rounding a curve approximately 150 feet from the other end of the bridge, with its left wheels 3 or 4 feet to the left of the center of the highway, that she took her foot off the accelerator but did not apply her brakes until immediately before the collision when she saw the bus could not get back on its right side of the road. *Held:* Upon her testimony, either she was not confronted by an emergency, or, if she were so confronted, her acts contributed to it, and therefore the refusal of the court to give a requested instruction relating to the principle of sudden emergency was not error.

**10. Automobiles § 8g—**

The proof of the skidding of an automobile alone is not such evidence of negligence as to render the owner liable for an injury resulting therefrom, but if the skidding of the car is caused by its negligent operation, the driver is liable for the injury resulting.

**11. Automobiles § 18i—**

An instruction that the skidding of defendant's car must have been caused by its operation at an excessive speed under the existing circumstances in order for the jury to answer the issue of negligence in the affirmative *is held*, upon the evidence in the case, sufficient upon this aspect, and the refusal of the court to give requested instructions upon the point in the language of the request was not error.

**12. Automobiles §§ 8k, 18i—**

An instruction to the effect that it would be negligence *per se* for defendant to permit his child under the legal driving age to operate his automobile but that defendant could not be held liable unless the jury found from the preponderance of the evidence that such negligence was the proximate or one of the proximate causes of the injury, *is held* sufficient to cover this aspect of the case and it was not error for the court to refuse to give requested instructions on the point in the language of the request.

**13. Automobiles § 18i: Trial § 31e—**

An instruction to the effect that if the driver of a car failed to exercise reasonable care in that she approached a bridge "at a high rate of speed of 30 to 35 miles an hour over a highway that was wet . . ." *is held* not an expression of opinion that a speed of 30 to 35 miles an hour was excessive when in other portions of the charge the court fully instructed the jury as to the various statutory speed restrictions and regulations, including those where no hazards exist, G. S., 20-141, and it is apparent that the charge when read contextually could not have been misunderstood.

**14. Automobiles § 18g (1)—**

Opinion evidence as to the general competency of a driver is inadmissible, the issue being whether the driver was exercising due care in the operation of the vehicle at the time in question and not her competency as a driver.

**15. Trial § 48—**

Defendants were sued upon the theory of joint and concurrent negligence. An eyewitness of the collision disclosed in her testimony for one of the defendants that she was employed by a casualty company. On cross-examination she was asked if she knew that the casualty company had a direct interest in the outcome of the suit, and replied in the affirmative. The other defendant's objection was sustained and his motion to strike the answer was allowed, but his motion for a mistrial was denied. *Held:* It does not appear that movent was prejudiced by the incident and his exception to the denial of the motion cannot be sustained.

**16. Negligence § 18—**

> While ordinarily the fact that a defendant in an action for negligence is protected by liability insurance is incompetent, where it appears that a witness for one of the defendants was an employee of a casualty company, the fact that the existence of a liability policy is brought out as an incident upon her cross-examination does not necessarily constitute reversible error, particularly where it is apparent from all the pertinent facts that no prejudicial effect resulted.

Two appeals in same action, No. 526 by defendants Atlantic Greyhound Corporation and Yates Clyde Farris, and No. 532 by defendant George W. Sharpe, from *Pittman, J.,* at 6 January, 1947, Extra Civil Term of MECKLENBURG.

Civil action to recover damages for alleged wrongful death, G. S., 28-172, G. S., 28-173.

On former appeal, 226 N. C., 692, 38 S. E. (2d), 105, there is full statement of the case. It was there held that the evidence was sufficient to take the case to the jury. And the evidence on the retrial being in substantial accord with that shown in the record on such former appeal, we refer thereto rather than to restate the evidence here,—reciting in the opinion only such evidence as is pertinent in considering certain exceptions.

Upon the retrial the case was submitted to the jury on the same issues as at former trial. The jury answered the first issue as to joint and concurrent negligence in the affirmative, and the fourth issue as to contributory negligence in the negative, and assessed damages in the sum of $18,000.

From judgment for plaintiff in accordance with the verdict, the defendants appeal to Supreme Court, and assign error.

*McDougle, Ervin, Fairley & Horack for plaintiff, appellee.*

*Smathers & Smathers, Charlotte, N. C., and Smathers & Meekins, Asheville, N. C., for Atlantic Greyhound Corporation, and Yates Clyde Farris, appellants.*

*Frank H. Kennedy and P. D. Kennedy, Jr., for Geo. W. Sharpe, appellant.*

WINBORNE, J. At the outset it is appropriate to call attention to Rule 19 (2) of the Rules of Practice in the Supreme Court, 221 N. C., 544, which provides that when there are two or more appeals in one action it shall not be necessary to have more than one transcript, but the statement of cases on appeal shall appear separately in the transcript. Two separate appeals were taken from the judgment on former trial, and separate records, each of approximately one hundred fifty pages, and

each consisting of the same pleadings, the same issues, the same judgment, and the same charge, but a different narrative of the testimony of the same witnesses, were brought to this Court. Nothing was said about the irregularity at the time. But, since two separate records, of like character, and even larger, are here on this appeal, we deem it expedient to direct attention to the rule to the end that a practice may not be established.

Nevertheless, in view of the fact that both appeals are in the same action and from the same judgment on verdict finding joint and concurrent actionable negligence of all defendants, we consider them together, treating separately the respective assignments of error.

Appeal of defendants Yates Clyde Farris and Atlantic Greyhound Corporation:

These defendants present for consideration several assignments of error, some of which require discussion.

One of the assignments relates to the introduction in evidence of the discharge of James Murray Pate, Jr., intestate of plaintiff, from the U. S. Army. In this connection, it appears that in the course of the introduction of evidence by plaintiff, testimony was elicited on cross-examination of the father of intestate that the intestate entered the National Guard in 1939, and mustered into the regular army in 1940; that he served three years overseas, and returned in May, 1945; and that he had received his discharge at the time of the accident. Then after cross-examination as to the military rating and rank of the intestate, the witness identified and plaintiff offered the army discharge in evidence. The court admitted it, and all defendants objected and excepted. Later in the course of the trial, the court told the jury that the court was worried about the competency of the discharge and instructed the jury that the court was of its own motion withdrawing the discharge from the consideration of the jury, and excluding it as evidence in the trial, and instructed the jury not to take it into consideration in any manner when the jury should come to consider the issues later on in the trial. All defendants object and except for that the discharge having been read to the jury, the harmful effect of it as evidence could not be removed from the minds of the jurors.

We are of opinion that the discharge was incompetent, and should not have been received into evidence. *Stanley v. Lumber Co.,* 184 N. C., 302, 114 S. E., 385. Nevertheless, the court having advised the jury of the error in admitting the discharge, and having withdrawn it from the consideration of the jury, and having instructed the jury not to take it into consideration in its deliberations, our decisions hold that any harm that the introduction of it may have had, was removed. See *Hyatt v. McCoy,* 194 N. C., 760, 140 S. E., 807, where the authorities are assembled.

These defendants also assign as error that portion of the charge in respect to the first issue, with reference to their liabilities, wherein the court instructed the jury that "if you find by the greater weight of the evidence" certain specific facts, "then I charge you that such acts, conduct, and omissions of the. defendant Yates Clyde Farris would be negligence . . ." It is contended here that the court in using the words "would be negligence" instead of "would constitute negligence," expressed an opinion in violation of G. S., 1-180. However, counsel in their brief concede that standing alone these assignments may not be sufficient to warrant a new trial.

However, they contend that when this instruction is taken in connection with the charge given by the court in response to questions from the jurors, reversible error appears. One juror asked, "What responsibility is a driver charged with when meeting an automobile in apparent distress? You read if I understand the laws of North Carolina, something with reference to, we'll say, the bus driver supposedly keeping himself under control or being under control, if possible. That is the point that we have at issue here." The other juror asked, "If when approaching a vehicle in distress, you are automatically charged with a certain responsibility. If, in the driver's judgment, the vehicle is not in distress, he thinks the distress of the approaching vehicle has ended, and the approaching vehicle is approaching in a normal manner, does the responsibility placed upon the driver of the first vehicle cease, such as reducing his rate of speed below the law required in North Carolina?"

In response to these questions, the court applied the rule of the prudent man. And while these defendants contend that such instructions do not answer the questions asked by the jurors, they have not brought forward exception to the refusal of the court to give special instructions requested by them in this respect. Nevertheless, the rule of the prudent man is applicable. "The standard of conduct required in an emergency, as elsewhere, is that of the prudent man." *Ingle v. Cassady,* 208 N. C., 497, 181 S. E., 562.

Other assignments of error brought forward by these appellants, upon due consideration, likewise fail to show cause for disturbing the judgment on verdict rendered.

Appeal by defendant George W. Sharpe:

This appellant assigns as error the refusal of the court to give certain requests for specific instruction, to some of which consideration is required which is now given:

(1) That the court erred in refusing to instruct the jury as follows: That if the jury should find that the bus was being operated at a rapid rate of speed around a curve, and that it was on its left side of the highway, and that if the jury should further find that Carol Sharpe was operating the car belonging to defendant, George Sharpe, to her right of

the center line of the highway, then the law would be that Carol Sharpe did not have the duty of stopping or taking other action to avoid an accident up until such time that it appeared that a collision would be unavoidable, for the reason that the said Carol Sharpe had the right to assume, up to the point of collision, that the said bus would assume its proper and rightful position to its right of the center of the highway in passing.

The driver of vehicles proceeding in opposite directions and meeting are required by statute, G. S., 20-148, to pass each other to the right, each giving to the other at least one-half of the main-traveled portion of the roadway as nearly as possible. In applying this rule, this Court has held in numerous cases that the driver of each vehicle, who is himself observing the rule has right, ordinarily, to assume, and to act upon the assumption that the driver of the other vehicle will also observe the rule and turn to his right so that the two vehicles may pass each other in safety. *Shirley v. Ayers,* 201 N. C., 51, 158 S. E., 840; *Cory v. Cory,* 205 N. C., 205, 170 S. E., 529; *James v. Coach Co.,* 207 N. C., 742, 178 S. E., 607; *Hancock v. Wilson,* 211 N. C., 129, 189 S. E., 631; *Guthrie v. Gocking,* 214 N. C., 513, 199 S. E., 707; *Newbern v. Leary,* 215 N. C., 134, 1 S. E. (2d), 384; *Brown v. Products Co.,* 222 N. C., 626, 24 S. E. (2d), 334.

However, the right of a motorist to assume that a driver of a vehicle coming from the opposite direction will obey the law and yield one-half the highway, or turn out in time to avoid collision, and to act on such assumption in determining his own manner of using the road, is not absolute. It may be qualified by the particular circumstances existing at the time,—such as "the proximity, the position and movement of the other vehicle, and the condition of the road as to usable width, and the like," *Brown v. Products Co., supra.*

Moreover, notwithstanding the right of a motorist to so assume, still this does not lessen his duty to conform to the requirement of exercising due care under the existing circumstances, that is, to conform to the rule of the reasonably prudent man. *Sebastian v. Motor Lines,* 213 N. C., 770, 197 S. E., 539.

Furthermore, the statute on speed restrictions, G. S., 20-141, declares that "no person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing"; and the fact that the speed of a vehicle is lower than the *prima facie* limits, fixed by the statute, "shall not relieve the driver from the duty to decrease speed . . . when traveling upon any narrow . . . roadway, or when special hazard exists with respect to . . . other traffic, or by reason of weather or highway conditions"; and the statute directs that "speed shall be decreased as may be necessary to avoid colliding with any person,

vehicle, or other conveyance on . . . the highway in compliance with legal requirements and the duty of all persons to use due care."

When these principles are applied to the evidence on which this request for instruction is based, the driver of the Sharpe car was confronted, as she says, by a large bus traveling at a high rate of speed, approaching on its left side of a slick road over a long bridge with concrete walls. This would not seem to be an ordinary condition, but rather to present a special hazard. Hence, it would have been inappropriate for the court to have instructed the jury, as a matter of law, that Carol Sharpe had the right to assume, up to the point of collision, that the bus would assume its proper and rightful position to its right of the center line of the highway in passing.

(2) The next request for instruction embodies the principle of law applicable in cases of sudden emergency. In this State a person confronted with a sudden emergency is not held by the law to the same degree of care as in ordinary circumstances, but only to that degree of care which an ordinarily prudent person would use under similar circumstances. *Hinton v. R. R.,* 172 N. C., 587, 90 S. E., 756; *Luttrell v. Hardin,* 193 N. C., 266, 136 S. E., 726; *Ingle v. Cassady, supra; Hewitt v. Urich,* 210 N. C., 835, 187 S. E., 759; *Bullock v. Williams,* 212 N. C., 113, 193 S. E., 170; *Butner v. Spease,* 217 N. C., 82, 6 S. E. (2d), 808; *Beck v. Hooks,* 218 N. C., 105, 10 S. E. (2d), 608; *Etheridge v. Etheridge,* 222 N. C., 616, 24 S. E. (2d), 477.

In *Hinton v. R. R., supra,* it is said, "It is well understood that a person in the presence of an emergency is not usually held to the same deliberation or circumspection as in ordinary conditions." And, in *Ingle v. Cassady, supra,* after quoting the above statement from the *Hinton case,* this pronouncement follows: "In other words, the standard of conduct required in an emergency, as elsewhere, is that of the prudent man." But the principle is not available to one who by his own negligence has brought about, or contributed to the emergency. *Luttrell v. Hardin, supra; Ingle v. Cassady, supra.*

Applying these principles to the evidence in hand, it may well be doubted that, in so far as the driver of the Sharpe car is concerned, a sudden emergency existed. And, if one did exist, it would seem that her operation of the car contributed to it. She states in her testimony that as she approached the bridge at a speed of about 30 miles an hour, and when 30 or 40 feet north of the bridge, she saw the bus coming at about 50 or 60 miles an hour around the curve, approximately 150 feet from the south end of the bridge, and 3 or 4 feet over on her side of the road; that then she took her foot off the accelerator to slow down; that all she did to slow down was to release the accelerator; that she did not apply the brakes until she saw the bus could not get back on its right side of the road; that when she applied the brakes the car did not stop imme-

diately, and about that time the collision came; and that she "could not tell that the car skidded at all . . . If it skidded at all it did not skid at any time prior to the very instant of the collision."

Moreover, the jury has found that the driver of the Sharpe car was negligent, and that that negligence concurred with that of defendants Farris and Greyhound Corporation in bringing about the injury to and death of plaintiff's intestate. Hence, there is no error in the refusal of the instruction requested.

(3) The third request for instruction, refused by the court, is as follows: "That the proof of the mere skidding of an automobile standing alone does not constitute proof of negligence; that if the jury should find from the evidence and by its greater weight merely that the car operated by Carol Sharpe skidded, but does not find that such skidding was caused by any negligence on her part in operating the car, then such skidding standing alone does not constitute negligence, and if the jury should find from the evidence and its greater weight that the Sharpe car merely skidded, but finds no negligence in the way in which said car was operated, then neither Carol Sharpe nor defendant George W. Sharpe, would be guilty of any negligence in this case."

The general rule, as stated in Huddy (7 Ed.), Section 373, is as follows: "The mere fact of skidding of a car is not of itself such evidence of negligence as to render the owner liable for an injury in consequence thereof." *Springs v. Doll,* 197 N. C., 240, 148 S. E., 251; *Butner v. Whitlow,* 201 N. C., 749, 161 S. E., 389; *Waller v. Hipp,* 208 N. C., 117, 179 S. E., 428; *Taylor v. Rierson,* 210 N. C., 185, 185 S. E., 627; *Hewitt v. Urich, supra; Clodfelter v. Wells,* 212 N. C., 823, 195 S. E., 11; *Williams v. Thomas,* 219 N. C., 727, 14 S. E. (2d), 797; *Mitchell v. Melts,* 220 N. C., 793, 18 S. E. (2d), 406; *Etheridge v. Etheridge, supra.* But where the skidding is caused by the negligent operation of the car, the driver is liable for injuries resulting therefrom. *Taylor v. Rierson, supra.*

In the light of these decisions the charge of the court is sufficient to cover the subject of the above request for instruction. The court charged, in substance, that before the first issue could be answered in the affirmative, the jury should find, among other facts, that the skidding of the car was caused by the speed of it, under the existing conditions and circumstances; and that if the jury fail to so find, the issue should be answered in the negative.

(4) The fourth request for special instruction is that if the jury should find that Carol Sharpe were driving the Sharpe car carefully and was not guilty of any negligence, then defendant Sharpe would not be guilty of any negligence and the jury should answer the first and third issues "No."

In this connection, the court apparently in deference to opinion on former appeal in this case, charged the jury that the statute prohibits any person under the age of fifteen years to operate an automobile on the highways of this State, and that it is negligence *per se* for a child under the legal driving age to drive an automobile on the highways of the State, but that it does not necessarily follow that the defendant, in such event, is liable in damages, for the plaintiff must go forward and satisfy the jury by a preponderance of the evidence that such negligence is the proximate or one of the proximate causes of the injury of which complaint is made.

This charge is sufficiently broad to cover the subject of the above request for instruction, and there is no error in refusing to give it.

Appellant Sharpe also excepts to portions of the charge given in respect to the first issue with reference to his liability, as follows: ". . . If you also find that upon approaching said bridge the said Carol Sharpe failed to exercise reasonable care in that she approached said bridge at a high rate of speed of thirty to thirty-five miles per hour over a highway that was wet, slick and slippery, and further failed to exercise reasonable care in that she failed to decrease the speed of said car to such rate of speed as would enable her to avoid colliding with any person, vehicle or conveyance then on said highway and bridge, in compliance with legal requirements and the duty of all persons to use due care . . . then I charge you that such acts, conduct and omissions of the said Carol Sharpe would be negligence . . ."

It is contended that here the court has expressed an opinion as to the sufficiency of the evidence, in violation of the statute, G. S., 1-180, in that the jury is instructed that if the jury should find that Carol Sharpe drove the automobile at a speed of thirty to thirty-five miles an hour that would be a failure to use due care, and is therefore negligence; and that if the car driven by Carol Sharpe collided with any person, vehicle or conveyance on the bridge that would be negligence.

It may be conceded that the instructions, standing alone, and lifted out of the charge as a whole, are liable to attack. But when these instructions are read in connection with other portions of the charge, that is, when the charge is read contextually, they may not fairly be misunderstood. When so read, it is seen that the court fully, clearly and specifically instructed the jury as to the various provisions of the statute, G. S., 20-141, relating to and restricting speed of motor vehicles upon the highways of this State,—particularly in respect to lawful speed where no special hazard exists, and to the duty of drivers to decrease speed. Hence, prejudicial error is not made to appear.

Appellant Sharpe also assigns as error the refusal of the court to receive opinion evidence as to the competency of Carol Sharpe as the

driver of an automobile. The issue here, as it relates to defendant Sharpe, is whether the traffic accident under consideration was contributed to by negligence of Carol Sharpe, the driver of his car. In such case evidence as to the general competency of a driver is inadmissible. 9 Blashfield, p. 630, Part 2, Perm. Ed. Cycl. of Automobile Law and Practice, Section 6187. The question is not as to her competency to drive, but whether she were operating the car at the time in accordance with the duty imposed by law upon operators of automobiles, that is, whether she were exercising that degree of care which an ordinarily prudent person would exercise under similar circumstances.

Appellant Sharpe also assigns as error the denial of his motion for mistrial on account of testimony of Dell Woosley, witness for defendants Greyhound Corporation and Farris, elicited upon cross-examination by counsel for plaintiff. She testified on direct examination that she was employed by the Lumbermen's Mutual Casualty Insurance Company; that there is no connection at all between her employer and the Atlantic Greyhound Corporation; and that she and two others were riding in an automobile following the Sharpe car, about 100 feet behind it, and saw the collision,—describing in detail what she says she saw. Then on cross-examination, after being questioned about discrepancies in her testimony then given and at former trial, and after she had stated that she had for six years, and then worked for the Lumbermen's Mutual Casualty Insurance Company, she was asked the question: "Do you know that Company has a direct interest in the outcome of this lawsuit?" to which she answered: "I do." Counsel for defendant Sharpe objected and moved to strike. The objection was sustained and the motion allowed.

Later, after two witnesses had been examined, the jury was sent out, and counsel for defendant Sharpe, who at the time of the incident had "stepped up to the bench," and told the Judge that he desired to make a motion for mistrial but that he did not desire to do so in the presence of the jury, and would do so at the first intermission, then moved for a mistrial. The motion was denied. Defendant Sharpe excepted.

The following quotation from *Keller v. Furniture Co.*, 199 N. C., 413, 154 S. E., 674, is pertinent to question here raised: "This Court has been insistent in its disapproval of any attempt by plaintiff in an action for personal injury or death, to prove that the defendant had insurance protecting it from the consequences of its own negligence . . . The annotation in 56 A. L. R., 1418, contains an exhaustive review of the cases on this subject. On page 1432, it is said, 'The general rules and principles applicable to the question of the admissibility of evidence, in a negligence action, of the fact that defendant therein carries liability or indemnity insurance protecting him from the consequences of negligence,

are settled beyond dispute, but like most other rules of evidence, they are subject to qualifications and exceptions.' The principle relating to the qualification of the rule is stated by *Hoke, J.,* in *Bryant v. Furniture Co.,* 186 N. C., 441, as follows: 'It has been held in this State that in a trial of this kind the fact that a defendant company charged with negligent injury held a policy of indemnity insurance against such a liability is ordinarily not competent, and when received as an independent circumstance relevant to the issues, it may be held for prejudicial error. And if brought out in the hearing of the jury by general questions asked in bad faith and for purpose of evasion, it may likewise be held for error. On the contrary, if an attorney has reason to believe that a juror, tendered or on the panel, has pecuniary or business connection naturally enlisting his interest in behalf of such company, it is both the right and duty of the attorney in the protection of his client's rights to bring out the facts as the basis for a proper challenge, or if in the course of the trial it reasonably appears that a witness has such an interest that it would legally affect the value of his testimony, this may be properly developed, and where such a fact is brought out merely as an incident, on cross-examination or otherwise, it will not always or necessarily constitute reversible error when it appears from a full consideration of the pertinent facts that no prejudicial effect has been wrought.' "

In the light of these principles, applied to the facts in hand, no prejudicial error is made to appear.

Other assignments of error brought forward by appellant Sharpe, and not considered on the appeal of defendants Greyhound Corporation and Farris, upon due consideration likewise fail to show prejudicial error.

Hence, (1) On appeal of Atlantic Greyhound Corporation and Yates Clyde Farris

No error.

And (2) On appeal of George W. Sharpe

No error.