Charles P. WELLS, Jr., Plaintiff,

v.

Lloyd F. ENGLE, Jr., Defendant.

Civ. No. C-164-G-58.

United States District Court
Middle District North Carolina,
Greensboro Division.

Oct. 13, 1959.

Jordan, Wright, Henson & Nichols, Greensboro, N. C., for plaintiff.

Smith, Moore, Smith, Schell & Hunter, Greensboro, N. C., for defendant.

HAYES, District Judge.

This case grows out of a collision which occurred just north of the crest of a long, steep hill. The road was straight, being No. 220 leading south from Greensboro. The tar pavement was 22 feet wide with an eight foot gravel treated shoulder on each side.

Defendant was going north and plaintiff was going south. Plaintiff was following a Ford car driven by Phillips and had followed it at least one half mile. Plaintiff was driving a 1954 Buick Sedan and was gaining on the Ford as they were approaching near the crest of the hill.

A beer joint was located on the east side of the highway. The south end of the building was parallel with the crest (highest point of the road) of the hill. A concrete block 18″ high and 18″ square supported an iron pipe several

feet long, on which was a beer advertisement. This block was about 15 feet east of the highway.

The beer establishment had gravelled an area 150 by 48 feet between the building and the highway, as a parking area for patrons. This area was level with the highway. A driver of a car could not see an approaching vehicle until he got within about 20 feet of the crest of the hill. There was a solid yellow line to the right of the center forbidding passing on the hill.

Plaintiff saw he was gaining on the Phillips car as they approached the vicinity of the beer premises and plaintiff saw the Ford cross the yellow line, angling to the left but in the northbound lane and immediately thereafter saw defendant's car coming toward him skidding. Evidently the Ford obstructed plaintiff's view until it left the highway. It was not raining but the tar pavement was wet. It had been raining, off and on, during the afternoon. Plaintiff estimated that defendant's car was about 80 feet away when he first saw it, at which time it was skidding and plaintiff was driving about 50 or 55 miles per hour.

As defendant came to the crest of the hill, he was driving 40 to 45 miles per hour. When getting about 20 to 30 feet south of the Crest, he saw the two cars approaching him, occupying both lanes of the highway. The Ford was nearest defendant but in the north lane. Defendant immediately thought the Ford had passed the car in the rear and would cut back to the south lane, and, acting on this assumption, defendant swerved his car to the right, his right wheels leaving their marks in the gravel. However, the Ford veered into the defendant's path, making a collision imminent. Then defendant swerved back left to miss the Ford, only missing it by inches. The rear end of the Ford was still in the north lane as they passed. In dodging the Ford, the defendant's car got partly across the center line into the south lane. Immediately after dodging the Ford, the defendant tried to get back into the north lane but the rear end of his car skidded, and the left front of his car collided with the left front of plaintiff's car from 2 to 3 feet west of the center line. The collision actually occurred within 125 feet north of the Crest and about 60 feet from the north end of defendant's tire track as he came back off of the gravel onto the pavement. The cars were 17 feet long. The track made by defendant's car in the gravel was about 25 feet long, the ends of the track being nearly equidistant from the concrete block. The Court found that defendant was not negligent and that the negligence of plaintiff was not a proximate cause of defendant's injuries.

In the absence of negligence by defendant until the moment he got within 20 to 30 feet of the Crest of the hill, it conclusively appears that he was keeping a lookout and then he was confronted with imminent danger. It appeared to him, at that moment, that the Ford car had passed the car in the rear, and he believed the Ford would cut to its right and clear the north lane for defendant. Seeing that the Ford might not have enough time to get all the way out of the north lane, defendant did the wise thing under those conditions by pulling to his right onto the gravel. Had the Ford remained in the north lane, the collision would have been avoided. However, the Ford veered to its left, thus rendering a collision inevitable unless defendant turned left. This he did and only missed the Ford by inches which still had its rear end in defendant's lane of travel.

Under the law of North Carolina the standard of care required of the defendant is that of a prudent man in like circumstances. That standard of care is to be measured by the conditions as they appeared to him provided he had reasonable grounds for his belief. The situation is not altered by the fact that Phillips had not passed the Buick and was intending to enter the beer joint. These facts were not known to the defendant who had never been on this road before. Hence the test turns on the apparent condition rather than the reality. A person in an emergency is not held to

the same standard of care as in ordinary conditions. Hinton v. Southern R. R., 172 N.C. 587, 90 S.E. 756. Defendant's conduct in swerving to the right to avoid collision with the Ford is identical with the factual situation in Patterson v. Ritchie, 202 N.C. 725, 164 S.E. 117. Reversing a judgment for plaintiff, the Court said the defendant was not negligent in swerving the automobile suddenly to the right to avoid a truck coming in the opposite direction, nor for the subsequent collision with a post which caused the death of plaintiff's intestate. Under these circumstances the injuries could not have been reasonably avoided and were attributed to an unavoidable accident.

The emergency doctrine is further stated in Ingle v. Cassady, 208 N.C. 497, 181 S.E. 562, 563. Since the rule set forth there applies to our case it is quoted:

"While the defendant may not have pursued the safest course or acted with the best judgment or the wisest prudence, in the light of what occurred, still it is not thought that this should be imputed to her for negligence, because with a flat tire and 'shimmying' car she was faced with an emergency which required instant action without opportunity for reflection or deliberation. * * * She was 'trying to hold the car in the road, gripping the wheel and struggling,' when it suddenly went over the embankment and into the ditch. Some allowance must be made for the excitement of the moment and the strain of nerves. One who is required to act in an emergency is not held by the law to the wisest choice of conduct, but only to such choice as a person of ordinary care and prudence, similarly situated, would have made. * * * In Hinton v. Southern R. R., 172 N.C. 587, 90 S.E. 756, 757, it is said: 'It is understood that a person in the presence of an emergency is not usually held to the same deliberation or circumspect care as in ordinary con-

ditions.' In other words, the standard of conduct required in an emergency, as elsewhere, is that of a prudent man. * * * 'If the peril seemed imminent, more hasty and violent action was to be expected than would be natural at quieter moments; and such conduct is to be judged with reference to the stress of appearances at the time, and not by the cool estimate of the actual danger formed by outsiders after the event.' Holmes, J., in Gannon v. New York, N. H. & H. R. R., 173 Mass. 40, 52 N.E. 1075, 43 L.R.A. 833."

The law of North Carolina accords with the rule prevailing throughout the country. 5A Amer.Jur., Sec. 684; Restatement, Torts, Sec. 296.

█ It might have prevented the subsequent collision if the defendant had stayed in his lane instead of trying to yield it to the on-coming Ford. But he is not held to the best choice; it is sufficient if his conduct is consistent with that of a reasonable man under like circumstances. "The mere fact that the choice is unfortunate does not make it improper even though it is one which the actor would not have made had he had sufficient time to consider all the effects likely to follow this action." Restatement, Torts, Sec. 296b.

The necessity of stressing appearances as distinguished from realities when weighing the conduct of the defendant in sudden peril is well illustrated by State v. Johnson, 166 N.C. 392, 81 S.E. 941, 944. Johnson pleaded self-defense. The defendant tried to stop the deceased, thinking he was on a stolen horse the defendant was trying to recover. The deceased turned around and flashed a bottle of medicine which the defendant thought was a pistol, viewing it by the moonlight, and killed the deceased. The Court held that the trial judge erred by denying the plea of self-defense. Sending the case back the Court said: "The deceased had a bottle of medicine, and not a pistol, and he had not stolen the

horse; but the conduct of the defendant must not be judged by the facts as they actually existed, but as they reasonably appeared to him."

The skidding of defendant's automobile was not caused by any negligence on the part of the defendant. Taylor v. Rierson, 210 N.C. 185, 185 S.E. 627.

The plaintiff relies on Brunson v. Gainey, 245 N.C. 152, 95 S.E.2d 514; Pope v. Patterson, 243 N.C. 425, 90 S.E. 2d 706; Sparks v. Willis, 228 N.C. 25, 44 S.E.2d 343; Hoke v. Atlantic Greyhound Corporation, 227 N.C. 412, 42 S.E. 2d 593. These cases in effect hold that a defendant who negligently creates the emergency cannot avail himself of its beneficent rule. They do not apply here. The contention that defendant was driving too fast when he approached the Crest of the hill is not supported by the evidence. Plaintiff further contends that after the emergency did arise the defendant negligently steered his car into plaintiff's lane with knowledge that plaintiff's car was approaching. However, the defendant, in choosing to dodge the Phillips car and in completing that maneuver, did his best to get his car entirely back into the north lane but failed, due to its skidding without negligence on his part. If the collision could have been avoided, it seems that plaintiff might have had the opportunity to turn right as held in Taylor v. Rierson, supra. After the defendant's car escaped the Phillips car and began skidding, there was such little time and the distance so short that neither plaintiff nor defendant was guilty of negligence, but the injuries resulted from an unavoidable accident. At most the distance between plaintiff's car and that of defendant as it emerged from the Ford was not over 60 feet. With each car making approximately 40 miles per hour the time of colliding would be very little more than a half a second. It is too short in time in the excitement of impending danger to speculate on what each might have done. There is a failure to prove any negligence on the part of one which proximately caused injury to the other.